### CREWS *et al. v.* FOLDS *et al.*

A referee in bankruptcy is without jurisdiction, in a summary proceeding upon a rule nisi to show cause why property alleged to be that of the bankrupt, but not embraced in the schedule, should not be sold, to adjudicate the rights of an adverse claimant to such property, which had never been in the possession of the trustee, and which had been conveyed by deed to the claimant prior to the filing of the petition in bankruptcy. The court erred in not sustaining the demurrer to plaintiff's petition and dismissing the case. All subsequent proceedings in the case were nugatory, and questions presented therein will not be decided.

No. 4390. FEBRUARY 26, 1925.

Complaint for land. Before Judge Irwin. Carroll superior court. April 10, 1924.

*Beall & Smith,* for plaintiffs in error.

*Boykin & Boykin* and *Smith & Taylor,* contra.

RUSSELL, C. J. As appears from the undisputed evidence, Mrs. Joseph T. Crews had saved from her earnings five hundred dollars in money, and her mother had given her two hundred and fifty dollars more for the purpose of buying a home for her old age. Mrs. Crews procured her husband to visit Carroll County and inspect certain farms, which he did, and found one which could be purchased for the sum of seven hundred and fifty dollars. This was in the year 1907. Crews returned to West Point, where he was then living, and obtained from his wife the $750 with which to purchase the farm, paid the money to H. C. Jones, and Jones executed to him a deed. It is undisputed that the money was the property of Mrs. Crews, and that she directed that the title to the land should be placed in her and not in her husband; but when Jones tendered the deed conveying the property to the husband instead of the wife, the husband made no objection, and thus took title to himself. There is no contradiction in

the testimony as to the fact that the wife did not know for several years that the deed from Jones conveyed title to her husband instead of to herself; and that when she found out the true status in 1920, she insisted that her husband execute a deed placing the title in her as he had originally been directed to do. Thereupon the husband executed a mortgage to his wife for the sum of $750, which she repudiated and declined to accept. Thereafter he delivered her a writing made out on a printed form purporting to be a warranty deed, but there was no description of the land other than that it lay in Carroll County, and the paper was not executed in the presence of witnesses; and this likewise was declined by the wife. Finally, in the spring of 1922, he executed and delivered to her a deed with a proper description and properly attested, conveying to her 100 acres of land in the fifth district of Carroll County, Georgia, being the land which is the subject of the present litigation. This deed was recorded in the clerk's office of the superior court of Carroll County on April 27, 1922.

On April 28, 1922, Joseph T. Crews filed his petition in bankruptcy; and on May 23, 1922, the trustee in bankruptcy filed a petition with the referee, alleging that the 100 acres of land (as well as other property not involved in this case) had been omitted from the schedule of the bankrupt; and he asked that a rule be issued calling upon Mrs. Crews to show cause why she should not deliver possession of this land and why it should not be sold as the property of the bankrupt. In response to this rule Mrs. Crews filed an answer in which she claimed the land as her own, setting up the grounds upon which she based her claim, and asking that the land be decreed to be her property. After the hearing on June 3, 1922 (at which J. T. and Mrs. Crews were present and testified) the referee disregarded her answer, holding the claim to be ill founded, and ordered the land to be sold on the day fixed in his order. On July 4, 1922, after advertisement, the land was sold and was purchased by Folds, trustee for certain named creditors of the bankrupt. The referee passed an order confirming the sale, and the trustee executed a deed to Folds as trustee for the named creditors. Afterward, possession of the premises having been refused, Folds, individually and as trustee, filed an equitable petition for the possession of the land, against both Joseph T. Crews and Mrs. Crews, alleging in detail the foregoing facts touching the bankruptcy proceedings.

Inasmuch as there is nothing better settled than that one who seeks to recover the possession of land must recover, if at all, upon the strength of his own title and never upon the weakness of the title of his adversary, the first question to be determined is whether the plaintiff, by reason of his purchase at the sale of the trustee in bankruptcy under authority of the order of June 3, 1922, by the referee, set forth in the petition or showed by the testimony such title as authorized the court to direct a verdict in his favor. We state it thus because, in this case, the court did direct a verdict, and exception is taken to the judgment on the ground that the court erred in directing a verdict, as well as for other reasons stated in the bill of exceptions. If the referee erred in holding in the summary proceeding by rule that the claimant had no right in the property, and thereupon ordered the sale of the land, when he had no jurisdiction to pass such an order, it will be unnecessary to consider several of the assignments of error. If, on the other hand, the United States District Court for the Northern District of Georgia, acting through the referee, had jurisdiction to declare, upon the hearing in the summary proceeding by rule directed to the bankrupt, that the claim was not well founded, or if Mrs. Crews by filing an answer submitted herself to the jurisdiction of the bankruptcy court, or conferred jurisdiction upon that court by waiver of her right to object, then it can not be held that the judgment of the referee would not bind her, and she would be precluded from setting up any defense to the petition in the superior court of Carroll County, and the judge of the superior court would have been authorized to direct a verdict. The real question in this case is whether the referee in bankruptcy had any right or authority to grant an order to sell property which was not listed in the assets of the bankrupt and which was claimed by a third party. The fact that Mrs. Crews is the wife of the bankrupt would be a circumstance to illustrate, one way or the other, the bona fides of the conveyance of the property to her by her husband, but would not change the fact that she is, as to the proceeding in bankruptcy, a third party, entirely outside of the bankruptcy proceeding. We will first consider whether, by filing an answer in the bankrupt court, Mrs. Crews waived any right to object to the jurisdiction of the bankrupt court, or whether, by answering, she consented to the jurisdiction of that court.

Jurisdiction of the person may be waived by consent of a party

who might otherwise plead to the jurisdiction; but under the provisions of our code as well as by the general law, jurisdiction can not be conferred as to the subject-matter by consent of the parties, or by the agreement of any party to waive the court's lack of jurisdiction as to the subject-matter of the suit. It is provided (§ 5663) that "Parties, by consent express or implied, can not give jurisdiction to the court as to the person or subject-matter of the suit." This is an express declaration that a court can not obtain jurisdiction as to the subject-matter of a suit of which it has, in law, no jurisdiction. As to the subject-matter, consent of the parties can not make the law. The remainder of this section, "It may, however, be waived, so far as the rights of the parties are concerned, but not so as to prejudice third persons," has frequently been held by our court to be confined to a waiver of jurisdiction as to the person. It was expressly held in *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790), that jurisdiction of the subject-matter is not given by consent or waiver. The last sentence of the section does not mean that parties, by agreement or waiver, can confer jurisdiction of subject-matter. In *Smith* v. *Ferrario,* 105 *Ga.* 51 (31 S. E. 38), Chief Justice Simmons held that this court would, of its own motion, reverse a judgment where it appeared that the trial court had no jurisdiction of the subject-matter, and in *Epps & Leabow* v. *Buckmaster,* 104 *Ga.* 698 (at p. 700) (30 S. E. 959), it was held that if the court has no jurisdiction over the subject-matter the parties can not waive it by appearance and pleading or otherwise, although, if the court has jurisdiction of the subject-matter, jurisdiction of the person may be waived. In *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186), it was held that when the Supreme Court discovers from the record that the lower court had no jurisdiction of the subject-matter the judgment will be reversed, even though it appears that at an interlocutory stage of the case the court had ruled that it had jurisdiction, and although this judgment had not been reversed or set aside, but was acquiesced in by the judge who presided at the final trial and who rendered a judgment of like kind. Under these rulings, necessarily a judgment rendered by a court without jurisdiction of the subject-matter is a nullity and void.

Conceding then, though not deciding, that the referee, sitting as a court of bankruptcy, had jurisdiction of the person of this claimant by reason of a waiver arising from her failure to protest

the jurisdiction of the court on the hearing of a summary proceeding such as the rule nisi issued in this case, the question arises, did the court have jurisdiction, upon a summary proceeding such as the rule nisi in this case, to pass upon the merits of the controversy as to the subject-matter—the res—the land which Mrs. Crews claimed in her answer to the rule in the bankrupt court. We think not, and we are induced to this conclusion, not only by the terms of code section 5663, to which we have referred, but also by several decisions of the Supreme Court of the United States, to which we shall avert. It is true that by the terms of section 23 of the bankrupt act of 1898 suits for the recovery of property under section 60(b), section 67(e), and section 70(e), may be brought without the consent of the proposed defendant. Under section 23, "suits by the trustee shall only be brought or prosecuted in courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted," but the only effect of the exceptions in sections 60, 67, and 70 is to give to the court of bankruptcy concurrent jurisdiction with the State courts in which the bankrupt perhaps would have been compelled to bring his action if the proceedings in bankruptcy had not been instituted. It is not to be doubted that the referee, sitting as a court of bankruptcy, has all the powers of the judge of the district within which the referee has jurisdiction as an appointee of the judge. But it has more than once been held by the Supreme Court of the United States that even the district judge can not, upon summary process, such as a rule nisi, adjudicate the merits of a claim adverse to the rights of the bankrupt; and if the district judge has no jurisdiction, certainly the referee would have no greater jurisdiction. There is a difference between cases where the issue concerns the award of property in possession of the trustee and property such as that involved in this case, which has never been in the possession of the trustee and of which he is seeking to obtain possession, property which was in the possession of the bankrupt at the time of the adjudication and property which he had conveyed or otherwise disposed of prior to the petition in bankruptcy.

It is to be noted in this case that the petition alleges that Mrs. Crews is in possession of the land. It is alleged that her deed was of record on April 27, 1922, and that the adjudication was

"thereafter" (the lapse of time indicated by "thereafter" not being disclosed). The case is one, under the allegations of the petition, in which Mrs. Crews is an adverse claimant to any right acquired by the trustee from the bankrupt. The trustee in bankruptcy stands in the shoes of the bankrupt, and all of the right, title, and interest of the bankrupt is acquired by him; but certainly prima facie the bankrupt, on April 28, 1922, had no right, title, or interest in the land which the trustee was seeking to have sold. The claim of Mrs. Crews, whether valid or fraudulent, was an adverse claim; and under the rulings of the Supreme Court of the United States, the trial of the issue arising upon the claim was not within the jurisdiction of either the United States district judge or a referee. In Galbraith v. Vallely, 256 U. S. 46 (41 Sup. Ct. 415, 65 L. ed. 823), Mr. Justice Day, delivering the opinion of the court, reversing the judgment of the United States district court and of the Circuit Court of Appeals, and affirming the judgment of a referee, who held that Galbraith was an adverse claimant within the rule declared by the Supreme Court in Louisville Trust Co. v. Comingor, 184 U. S. 18 (22 Sup. Ct. 293, 46 L. ed. 413), said: "It may be, as suggested by the Circuit Court of Appeals, that a summary proceeding at the instance of the trustee would afford a more speedy and economical administration of the estate in bankruptcy. But the right to recover in such instances, only in suits of the ordinary character, with the rights and remedies incident thereto, has been consistently maintained by this court. The principle of the Comingor case has never been departed from in this court. It establishes the right of an assignee for the benefit of creditors, to the extent that he asserts rights to expenses incurred and compensation earned under an assignment in good faith *before the bankruptcy proceedings,* to have the merits of his claim determined in a judicial proceeding suitable to that purpose, and not by summary proceedings where punishment for contempt is the means of enforcing the order." In this case the court was dealing with an assignee who claimed certain expenses; but the court held that he was an adverse claimant, just as Mrs. Crews is in the present case, the court holding as to the Comingor case, which also related to an assignee: "This court held that the assignee was an adverse claimant as to these amounts, and that the district court was without jurisdiction to determine the controversy in a summary proceeding. This case has been

repeatedly cited as determinative of the law and practice in similar cases." See in Re Rathman, 183 Fed. 913 (106 C. C. A. 253); Collier on Bankruptcy (11th ed.), 525, 528, and cases cited; Black on Bankruptcy, 974; 2 Remington on Bankruptcy (2d ed.), § 1612; 1 Loveland on Bankruptcy (2d ed.), 129.

In the Comingor case, supra, rules were laid on an assignee by the referee in the bankruptcy proceedings to show cause why he should not pay over the sums of $3398.90 and $3200.00, alleged to belong to the bankrupt's estate; in response to which the assignee showed as cause that he had paid the $3200.00 to counsel for services rendered to him as assignee, and had retained the $3398.90 as his own commissions as such, *all before the petition was filed,* and he also, prior to the final order of the district court, objected before the referee and before the district court that he could not be proceeded against by summary process, for want of jurisdiction. The rules were made absolute by the referee, and the assignee was ordered to pay over the two sums in question, and that action was affirmed by the district court. "Held: (1) That as to these sums the assignee asserted adverse claims existing at the time the petition was filed, which could not be disposed of on summary proceeding. (2) That the bare fact that the assignee was named as one of the defendants to the petition in bankruptcy did not make him a party to the bankruptcy proceedings for all purposes. (3) That in responding to the rules laid on him, the assignee did not voluntarily consent that he might be proceeded against in that manner, and that jurisdiction to do so could not be maintained." From the opinion, delivered by Mr. Chief Justice Fuller, it is plain that the underlying reason for the rulings to the effect that the rights of an adverse claimant can not be adjudicated upon a mere rule is that he is entitled to seek his rights in plenary proceedings, and it is for that reason that jurisdiction in the court can not be implied where any issue of fact may arise which may affect the rights of the claimant. Mr. Chief Justice Fuller said: "The circuit court was called on to review the orders of the referee as confirmed by the district judge, by which Comingor was required to pay over the sums of $3398.90 and $3200 respectively, and the recommendation that he be dealt with for not complying therewith. On the face of his responses, from first to last, it appeared that Comingor insisted that the $3200 had been paid by him to his counsel while

they were acting for him, before the bankruptcy proceedings were commenced, for professional services rendered to him as assignee; and that he had retained and expended the $3398.90 as his commissions as assignee in reliance on the belief that he was entitled to that amount on final settlement.   He thus asserted a claim to each of these sums adversely to the bankrupt, and as outstanding when the petition in bankruptcy was filed, and these claims were in fact passed upon by the referee and the district judge as being adverse.   This brought the controversy within the ruling in Bardes v. Bank, 178 U. S. 524, and the questions attempted to be litigated before the referee and in the district court as to the allowance of the two amounts could only be raised in the district court by consent, and then only by plenary suit.   If the jurisdiction of the district court was not consented to, then the State court, under the circumstances of this case, was the proper forum, and the matters in dispute were to be disposed of there.   The district court held that Comingor. had voluntarily accepted its jurisdiction, and that he had also consented that the court might proceed against him summarily.   As the Circuit Court of Appeals said, speaking through Severens, J., 'It was upon the ground of the petitioner's implied consent to the mode adopted that the district judge justified it.'   So far as this view rested on the contention that as Comingor was joined with the bankrupts in the petition for adjudication, he therefore continued to be subject to the orders of the court without other process, we agree with the Circuit Court of Appeals that it can not be sustained.   As we understand the record, the petition in bankruptcy set up no cause of action and prayed no special relief against Comingor, and he was apparently made a defendant because adjudication would put an end to further action by him as assignee.   Clearly, as the Circuit Court of Appeals points out, it would be inadmissible to permit creditors to deprive an assignee of his right to have his claims adjudicated by the proper court and in the customary mode of proceeding, by the device of making him a party to the petition for an adjudication and so attempting to bring him into the case for all purposes.   Nor in this matter was any petition by the trustee, or by any other person, filed against Comingor to recover these sums, and the orders were entered by the referee on the record as it stood, so that there was no pretence whatever of a plenary suit

in that court, in form or in substance. The proceeding was purely summary. The determination of the merits on the facts was not open to revision by appeal or writ of error under the bankrupt law. If Comingor had been entitled to a trial by jury, he could not have obtained it as of right. The collection of the amounts found due would be enforcible not by execution but by commitment. 'We think that it could not have been the intention of Congress thus to deprive parties claiming property, of which they were in possession, of the usual processes of the law in defence of their rights.' Marshall v. Knox, 16 Wall. 556; Smith v. Mason, 14 Wall. 419."

> *Judgment reversed. All the Justices concur.*