[S. F. No. 14808. In Bank.—July 16, 1934.]

ANTHONY REGOLI, Appellant, v. C. R. FANCHER et al., Respondents.

Thomas T. Califro and Frank E. McGuire for Appellant.

John S. DeLancey and Stanley J. Smith for Respondents.

PRESTON, J.—This record presents reciprocal actions to quiet title to a residence lot in Oakland. Issues were joined on both complaint and cross-complaint. Defendant C. R. Fancher having died prior to trial, his widow Dorothy H. Fancher, as administratrix of his estate, was substituted in his place as defendant and cross-complainant. Plaintiff was denied relief and said administratrix had judgment quieting her title against plaintiff. Defendants D. H. and Kate Duncanson were declared *bona fide* encumbrancers of said property under the title of said defendant.

Both parties deraigned title from common grantors Stanley N. Forsman and wife. Plaintiff's claim rests upon the following documents and proceedings, to wit:

A deed executed and delivered by said grantors to Rosie Guaragna, wife of Luigi Guaragna, dated August 12, 1925, and a deed of trust by said grantee conveying the legal title to Nonesiatina Lucchesi and Pietro Lucchesi, as trustees, to secure a note for the sum of $8,500, payable to Angelo Lucchesi; also proceedings regular on their face foreclosing said deed of trust and the sale thereunder and the purchase thereat of said property by plaintiff and the receipt by him of a trustees' deed in regular form purporting to convey said property to him. Plaintiff, in his complaint, set forth the foregoing facts in detail and joined a second count therein tendering the general issue to quiet title.

Defendants offered no oral testimony but rested their entire case upon certain court proceedings and a certain deed.

The court proceedings were of those found in the *Matter of James Guaragna, Bankrupt*, No. 14786, in the Southern Division of the United States District Court for the Northern District of California, Second Division. Said bankrupt is the son of the above-named Rosie and Luigi Guaragna. The deed relied upon by defendants is a quitclaim deed dated December 13, 1926, covering said property, naming J. Costello, the trustee of said bankrupt, as grantee, and the following persons as grantors: Luigi Guaragna and Rosie Guaragna, his wife, Angelo Lucchesi, Nonesiatina Lucchesi and his wife, Pietro Lucchesi, a single person, James Guaragna and his wife. The validity of the sale under said bankruptcy proceedings and the validity of said deed will be considered in the order named.

On December 21, 1925, an involuntary petition in bankruptcy was filed against the said James Guaragna and on January 6, 1926, he was duly adjudicated a bankrupt. On said December 21st, at the time of the institution of the proceedings, the said J. Costello was appointed a receiver of the bankrupt estate and on January 26, 1926, he was named trustee in bankruptcy of said estate. The pertinent documentary evidence introduced was the following:

An order to show cause and restraining order, dated February 10, 1926, made by the referee in bankruptcy, directing said Luigi Guaragna, Rosie Guaragna, Albert Russello, Angelo Lucchesi, Nonesiatina Lucchesi, Pietro Lucchesi and James Guaragna, to show cause on the sixteenth day of February, 1926, why they should not turn over the possession of the real property here in suit to the trustee in bankruptcy; also why said Rosie and Luigi Guaragna should not be directed forthwith to convey the equitable title to said property to said trustee and why Angelo Lucchesi and the trustees in said deed of trust, Nonesiatina and Pietro Lucchesi, should not forthwith make a reconveyance of the legal title thereto and why an order quieting title of the trustee to said property should not be made against them and why certain other relief, not here material, should not be granted.

This was followed by a judgment and decree taken by default which purported to direct the said Rosie and Luigi Guaragna to convey said real property to said trustee in bankruptcy and surrender possession thereof to him. It

further purported to direct said Angelo Lucchesi and Nonesiatina and Pietro Lucchesi to convey the legal title to said property, free of the encumbrance of said deed of trust and gave further extraordinary and extensive equitable relief, such as appointing a commissioner, E. C. Street, and directing him to execute said conveyances in case said parties failed for the period of ten days to themselves so do.

Another document is entitled a commissioner's deed, purporting to be a deed executed by said commissioner appointed under said decree, conveying said real property to said trustee in bankruptcy and making a reconveyance of the property held by said trustee, as directed in said decree.

Another document is an order confirming the sale of said real property, dated December 9, 1926, the sale having been made on August 19, 1926, to Charles R. Fancher. This last-mentioned order recited that said Angelo Lucchesi and all the other above-named parties appeared through their attorney Joseph P. Lacey and objected to the confirmation of said sale and that said objections were overruled.

Still another document is a trustee's deed, dated December 9, 1926, purporting to convey said real property, pursuant to said sale, to said Charles R. Fancher, the purchaser.

It will be noted that there is an entire absence in the record not only of the petition supporting said order to show cause above referred to, but also of proof that a copy of either the order to show cause or the petition was served upon any of the said parties, particularly Angelo Lucchesi. It is true that the decree recites service upon and the presence of these parties both by counsel and in person but the uncontradicted evidence of several witnesses showed clearly that no such service was made nor was Angelo Lucchesi present, either in person or by counsel, to answer said order to show cause. In fact, the proof established that a subpoena to appear at 2 o'clock on the fifteenth day of January, 1926, to be examined in relation to said bankruptcy was the only paper served upon Angelo Lucchesi or any other of the parties mentioned in said decree. We are pointed to no authority which sustains a default decree against a person in the position of Angelo Lucchesi. It is true the attack here is collateral, but this decree would seem clearly to be in no different status than a decree of a

sister state or foreign country. In such cases it is always competent to impeach the judgment or decree by showing that in fact the process upon which it is based was never served. (*Estate of Pusey,* 177 Cal. 367 [170 Pac. 846]; *Estate of Pusey,* 180 Cal. 368 [181 Pac. 648]; *Delanoy* v. *Delanoy,* 216 Cal. 27, 34 [13 Pac. (2d) 719, 86 A. L. R. 1321].) We know of no law that clothes the orders or decrees of a referee in bankruptcy with any presumption of jurisdiction over strangers to the proceeding.

We are also of the view that upon the recitals of the decree itself the referee never acquired jurisdiction to enter it, even though the parties voluntarily appeared in said proceeding and merely objected to the jurisdiction of the referee to proceed. ■ The propriety of a court in bankruptcy making a decree, in a summary proceeding, binding on third persons, to turn over to the trustee of a bankrupt estate property held by them is a question that has received extended treatment by the federal courts and the gist of the rulings thereon seems to be that to authorize such a proceeding, possession of the property, either actual or constructive, must be in the bankruptcy court. For illustration, such as where it was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy but not delivered to the trustee, or where delivered to the trustee, it had been taken from him by a third person or where the property is in the hands of the bankrupt's agent or bailee. A yet further element must be present, to wit: The claim of the third party must not be *bona fide* but merely colorable. (*Taubel-Scott-Kitzmiller Co.* v. *Fox,* 264 U. S. 426 [44 Sup. Ct. 396, 68 L. Ed. 770]; also, *In re Bastanchury Corporation,* 62 Fed. (2d) 537, 542.)

■ It is true that here the decree and the order to show cause do recite that the real estate involved was in the possession of said parties as agents of the bankrupt; still the further facts shown are that the property was in the possession of two of said parties under a deed thereto from persons other than the bankrupt, which deed antedated the proceeding in bankruptcy; also that there existed thereon a deed of trust in favor of another of the third parties, which likewise antedated the bankruptcy proceeding; also that the parties appeared at the time mentioned in the order to show cause and asserted orally their claims to said prop-

erty and questioned the jurisdiction of the court to proceed and demanded that a plenary action be initiated rather than a summary proceeding.

We are referred to no case which sustains a summary proceeding under such circumstances. We here see equitable powers of the most far-reaching character employed to secure specific performance, cancellation of instruments, appointment of a commissioner and quieting title, followed by a further provision which empowered the marshal to take possession of the property from the said parties and deliver it to the trustee. We think no authority can be found to support such action under the circumstances. A claim may be fraudulent and still be adverse and substantial. (*Johnston* v. *Spencer*, 195 Fed. 215; *Mueller* v. *Nugent*, 184 U. S. 1 [22 Sup. Ct. 269, 46 L. Ed. 405].) Indeed, the federal District Court itself would not have jurisdiction of a plenary suit for this relief except under certain contingencies applicable to all civil actions. (*Bardes* v. *Hawarden Bank*, 178 U. S. 524 [20 Sup. Ct. 1000, 44 L. Ed. 1175].) We think that the facts of this case make applicable the doctrine of *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18, 25 [22 Sup. Ct. 293, 46 L. Ed. 413], where it was held that only by plenary action could the trustee in bankruptcy secure property from an assignee where the assignment antedated the bankruptcy proceeding. It was there further held that an informal protest to the jurisdiction was a sufficient appearance. See, also, *Crews et al.* v. *Folds,* 160 Ga. 22 [127 S. E. 281, 6 A. B. R. 127], where the Georgia Supreme Court made a holding in complete accord with the views we have here expressed.

In fact, in a recent case, *Wight* v. *Street,* 63 Fed. (2d) 80, 81, which involved a decree presumably of this same referee, appointing this same commissioner to make a transfer of real property, in substantially the same kind of a situation, we find that the Circuit Court of Appeals of the Ninth Circuit held a plenary action was required and closed its opinion with the following language: "Our conclusion is that the bankruptcy court was without jurisdiction of the merits in a summary proceeding. As said by the court in *Shea* v. *Lewis,* (C. C. A. 8) 206 Fed. 877, 884: 'We adhere to the wholesome rule "which assures a trial of the merits of" such claims "in a plenary suit at law or in equity under

the rules of pleading, of practice, and of evidence, that wisdom and experience have found most conducive to the discovery of the truth and the administration of justice". *In re Rathman*, (C. C. A.) 183 Fed. 913, 929 [106 C. C. A. 253, 269].' This rule is especially applicable where, as here, the order directs the conveyance of the title to real property by a stranger to the bankruptcy proceeding."

█ We next pass to consideration of the quitclaim deed executed after sale of the property and, in the same connection, the waiver of the right to seek a review of the order confirming the sale to said Charles R. Fancher. The answer to the cross-complaint herein, respecting said deed, pleads: "That the alleged deed alleged to have been executed by Luigi Guaragna (et al.) . . . to J. Costello, as trustee (etc.) . . . in the answer of the defendants herein, was at the time it was made, ever since has been and now is void and of no effect, and in this connection alleges: that on or about the 13th day of December, 1926, and prior to the alleged making of said deed, said J. Costello . . . and others acting as his agent and on his behalf, did menace and threaten to criminally prosecute said Angelo Lucchesi, Nonziatina Lucchesi, Pietro Lucchesi, Rosie Guaragna, and Luigi Guaragna with arrest under criminal warrant, and did menace and threaten to criminally prosecute said alleged makers of said deed, for an alleged violation of the National Bankruptcy Laws, and did menace and threaten said Angelo Lucchesi, Nonziatina Lucchesi and Pietro Lucchesi with the loss of all their properties unlawfully, if (they) . . . Rosie Guaragna and Luigi Guaragna, did not sign said alleged deed . . . and thereby putting said makers of said alleged deed in fear of the loss of their liberties and properties, and thereby, and solely by reason thereof, were induced to and did sign said alleged deed. That said signing, or execution, of said alleged deed was without any consideration whatsoever. . . . That by reason of the aforesaid acts, conduct, menace, threats and duress, and lack of consideration said alleged deed is of no effect and void."

Execution of the above-mentioned waiver was part of the transaction respecting said deed. The court below made no finding at all on this issue of coercion and duress. We think the plaintiff was entitled to a finding on this defense to the cross-complaint. The evidence shows without sub-

stantial contradiction that these documents were both executed by parties under the fear of criminal prosecutions, amid tears and turbulence. The further fact is that soon after execution of said deed, the parties whose rights are here involved were in fact indicted, prosecuted and acquitted of the charges which were the basis of the action of the referee in making the above-considered decree. It is true that $1,000 was paid for said deed by the trustee but the receipt for same was executed by Luigi Guaragna alone and not by the material party here, Angelo Lucchesi, who testified that he received no part thereof.

The claim that respondents did not apply the coercion that forced the deed is immaterial to this inquiry because the deed was secured subsequent to the purchase by Charles R. Fancher and subsequent also to the deed by the trustee to him. He was therefore not in the position of a *bona fide* purchaser relying upon this deed. Moreover, he had actual knowledge of the adverse claims of said parties at the time of his purchase and, still further, a purchaser is bound at his peril to know whether or not on the face of the record the court is proceeding within its jurisdiction in making a sale to him.

It follows from the foregoing that, upon the record as it now stands, the judgment must be reversed, and it is so ordered.

Shenk, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.