[Civ. No. 10457.  First Appellate District, Division Two.—March 22, 1937.]

ANTHONY REGOLI, Respondent, v. C. R. FANCHER et al., Appellants.

Stanley J. Smith, John S. De Lencey, Stanley R. Sterne and Decoto &  St. Sure for Appellants.

Thomas T. Califro and Frank E. McGuire for Respondent.

STURTEVANT, J.—This is an action to quiet title. The plaintiff framed his complaint in two counts. The defendants appeared and answered both counts and at the same time filed a cross-complaint. The plaintiff answered the cross-complaint and the trial was had on all of the issues made by said pleadings. Having heard all of the evidence the trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendants have appealed.

Both parties claim title under mesne conveyances from N. Forsman and wife, who were formerly the owners of the property. We will first discuss the case as made by the plaintiff. N. Forsman and wife conveyed to L. Guaragna and Rosie Guaragna, his wife. On September 21, 1925, the grantees executed a trust deed to N. Lucchesi and P. Lucchesi, his wife, as trustees for A. Lucchesi, the beneficiary. Afterwards T. T. Califro was substituted as trustee. N. Lucchesi and his wife, as trustees, conveyed to Califro, as trustee. Upon demand being made upon him T. T. Califro commenced proceedings to sell the interest of the grantors L. Guaragna and Rosie Guaragna, his wife. The proceedings so progressed that on May 7, 1931, T. T. Califro, as trustee sold the property to A. Regoli, this plaintiff. While the defendants find fault with the procedure followed by the trustee in making the sale, they do not make any attack showing or tending to show that the sale was invalid for any reason whatsoever except as will hereinafter be noted.

We pass now to a consideration of the claims of the defendants. The record shows that James Guaragna, the son of L. Guaragna and Rosie Guaragna, his wife, was adjudged a bankrupt. In the bankruptcy proceedings of James Guaragna such steps were taken that on May 18, 1926, a commissioner's deed was executed purporting to convey the title of L. Guaragna and Rosie Guaragna, his wife, of N. Lucchesi and P. Lucchesi, his wife, and of A. Lucchesi, to J. Costello, the trustee in bankruptcy. On a former hearing of this action the validity of the conveyance just mentioned was the subject of the contest. The trial court rendered a decision upholding the validity of the conveyance so made by the commissioner in bankruptcy. From that judgment an appeal was taken and the judgment of the trial court was reversed. (*Regoli* v. *Fancher*, 1 Cal. (2d) 276 [34 Pac. (2d) 477].) An examination of that decision discloses that the Supreme

Court held the conveyance made by the commissioner in the bankruptcy proceeding was void. The case went back and on the second trial no rights whatever were asserted under the bankruptcy proceedings. However, the defendants continued to assert title under certain other conveyances. The deed made by the commissioner in the bankruptcy proceedings was dated May 18, 1926. It purported to convey the title to J. Costello, as trustee in bankruptcy. Later Mr. Costello applied to the bankruptcy court for permission to sell the property and proceeded to conduct the sale. On August 19, 1926, the sale was had. On December 9, 1926, he executed a deed to C. R. Fancher and Dorothy H. Fancher, his wife. In the meantime many discussions were had between Mr. Costello and L. Guaragna and wife, N. Lucchesi and wife, and A. Lucchesi. As a result of those conversations, on December 13, 1926, a quitclaim deed was executed by L. Guaragna and wife, N. Lucchesi and wife, and A. Lucchesi to J. Costello, as trustee in bankruptcy. For that quitclaim deed no consideration passed excepting $1,000 paid to L. Guaragna. A. Lucchesi received no consideration whatsoever. ▆ The title of the defendants rests on the strength of the two conveyances which we have just adverted to. The title conveyed in the bankruptcy proceedings was, as we have noted above, wholly invalid. (*Regoli* v. *Fancher, supra.*) As A. Lucchesi was primarily interested and as he received no consideration, the second conveyance was invalid as to him.

▆ Fancher and wife were not *bona fide* purchasers and entitled to rely on the quitclaim deed. This is so because they had made their purported purchase in the bankruptcy proceedings on August 19, 1926, and received their deed on December 9, 1926, whereas the quitclaim deed was not made until December 13, 1926. When the Fanchers purchased in the bankruptcy proceedings they acted at their peril, and they were bound to know whether the officers in the bankruptcy proceedings were acting within their jurisdiction. (*Regoli* v. *Fancher, supra.*)

▆ In their cross-complaint the defendants set up their title under the quitclaim deed. In his answer to the cross-complaint the plaintiff alleged that the quitclaim deed was executed by L. Guaragna et al., acting under menace and duress. On the trial he introduced evidence in support of such allegations. The trial court found the facts in his

favor. The defendants now argue that the quitclaim deed was never rescinded and that it may not now be attacked. They cite and rely on *Bancroft* v. *Bancroft*, 110 Cal. 374 [42 Pac. 896]. That was an action to recover damages for injuries arising out of certain alleged acts constituting undue influence. In the instant case no damages are involved. The plaintiff is defending himself against the effect of an instrument which his grantors executed under alleged menace and duress. He has the right to do so. (*Tiffany & Co.* v. *Spreckels*, 202 Cal. 778 [262 Pac. 742].) As stated above, the trial court made findings in favor of the plaintiff on said issues and this court may not disturb those findings, as there was abundant evidence to sustain them.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1937.