In re GRACELAND.
No. 42349.

District Court, S. D. California, Central Division.
Sept. 3, 1947.

Paul Angelillo, of Los Angeles, Cal., for petitioner.

Roland Maxwell, of Pasadena, Cal., for Byron and Ethel M. Peebler.

J. M. Danziger, of Los Angeles, Cal., for Trustee.

J. F. T. O'CONNOR, District Judge.

It appears from the record that the cemetery, which is the subject of the controversy herein, was transferred by the deed of the bankrupt on November 9, 1926, to Wake Development Company, a corporation. The deed was signed by J. M. Danziger, President. Thereafter, on August 6, 1929, the Wake Development Company conveyed said property to B. C. Olds. In 1938 Olds entered into a partnership with Byron Peebler and his wife and the real property became the property of the partnership. Thereafter the partnership was dissolved and in action No. 472425, Superior Court of Los Angeles County, the property was ordered sold. At the said sale, it was acquired by Byron Peebler and his wife, who ever since the said date claim the property.

On May 26, 1947, a voluntary petition was filed by Graceland and it was adjudicated a bankrupt. J. M. Danziger appears as the president of the bankrupt, and also as its attorney of record. E. A. Lynch was elected trustee. However, he resigned, his report stating "that examinations were conducted before this honorable court of various parties to disclose what interest, if any, the bankrupt might have in an alleged interest in what is known as Graceland Cemetery. * * *"

Danziger claimed that the same was an asset of the bankrupt while the Peeblers claimed it as subsequent transferees and purchasers under the grant deed of November 9, 1926.

H. C. Fickeisen was elected as the new trustee to succeed Lynch.

The Peeblers unsuccessfully sought a dismissal of the bankruptcy proceedings and then unsuccessfully sought to secure an order directing the trustee to abandon the cemetery property. At the hearing thereon Referee Hugh L. Dickson, one of the Referees of this court to whom the proceeding had been referred, stated in his Memorandum Opinion of January 2, 1945, "I deem it wise to permit the trustee to proceed under the order made by me on November 1, 1944 authorizing the trustee to institute legal proceedings against B. C. Olds, Byron and Ethel M. Peebler and/or a partnership called Olive Lawn Memorial Park, and in that manner no doubt the title to this property can be definitely ascertained."

 The Referee was quite right in his views. Since the record title to the real property was in third parties who were adverse claimants, the matter was one for the determination of the State Court.

The order of November 1, 1944, referred to by the Referee, was made upon the trustee's petition and it provided, in part: "The trustee herein having filed a petition herein requesting permission to institute legal proceedings against B. C. Olds, Byron and Ethel M. Peebler, and/or a partnership called Olive Lawn Memorial Park for an accounting under a contract with Graceland, the bankrupt, dated March 20, 1929 * * * and good cause therefor appearing, It is hereby ordered that the trustee is hereby granted authority to institute such legal proceedings. * * *"

Thereafter the trustee did institute a quiet title action against the Peeblers in the Superior Court of the State of California at Los Angeles, No. 498915, and in which action a trial, in the absence of the trustee, resulted in a judgment against him. However, the same was set aside, and after an appeal to the Supreme Court and an affirmance, an amended complaint was filed, and it appears that the action is set for trial March 10, 1948.

On March 17, 1947, upon the verified petition of H. C. Fickeisen, the Trustee, a restraining order was issued by the Referee restraining Peebler and his wife from interfering with the trustee in his possession of the cemetery property. The said restraining order further appears to restrain them from "further prosecution so far as con-

cerns H. C. Fickeisen, Trustee, of the cross-complaint and the judgment thereon and any further proceedings thereunder, which is a part of that certain action in the Superior Court of the State of California, being case No. 508642."

The petition of the Trustee upon which the said order was issued was filed on March 17, 1947, the same day the ex parte order was made. It states in part that the trustee is prosecuting in the Superior Court a suit to quiet title to the cemetery property; that he was in possession of the said property; that the Peeblers claim to own the cemetery; that in January 1946, Edith W. Danziger, who owned an adjoining cemetery property, brought suit No. 508642 in the Superior Court to restrain the Peeblers from interfering with the operation of the said property; that the Trustee joined in the suit as intervener without first obtaining the permission of the Bankruptcy Court; that thereafter the defendants Peebler filed a cross-complaint joining him as trustee in bankruptcy; that no permission was first obtained; that the case was tried and H. Y. Gibson, who appeared for plaintiff Edith W. Danziger, protested to the Superior Court that it could make no order that would interfere with the possession of the Bankruptcy Court, and the petition further recites: "Nevertheless the Superior Court is about to make its order directing me to not in any way interfere with the possession of the cemetery by said Peeblers, this notwithstanding that the quiet title suit against the Peeblers is now pending in the Superior Court."

Thereafter, on April 29, 1947, an affidavit was filed herein by Byron Peebler in support of his motion to dissolve the ex parte restraining order. It recites in part that the bankrupt never at any time since November 9, 1926 had any right, title or interest whatsoever in the cemetery property; that it had been determined by the Superior Court of Los Angeles County in a decision which was affirmed by the District Court of Appeals in a case reported in 71 Cal.App. 2d 382, 162 P.2d 953, that the institution of the bankruptcy proceedings constituted a part of a conspiracy to maliciously pursue a course of litigation against the Peeblers, and further that "in case No. 508642 in the Superior Court of the State of California in and for the County of Los Angeles, a judgment was duly given and made in favor of affiant and Ethel M. Peebler, his wife, and against H. C. Fickeisen, trustee of the bankrupt above named, a copy of said judgment being attached hereto as a part hereof and marked 'Exhibit A' * * *. That said judgment enjoins said trustee from going upon the real property. * * *"

Fickeisen, the Trustee, in his reply affidavit states: that in case No. 508642 the said Peebler sued the trustee by cross-complaint; that the judgment therein against the trustee was not final and the trustee intended to appeal therefrom.

Upon the hearing, the Referee terminated his restraining order of March 17, 1947. It is this order which is sought to be reviewed herein.

The issue of the claims to the title to the alleged asset was to be determined in the State Court. That was the clear, expressed intention of the Referee and it was the understanding of the parties. Once that course was determined upon the Bankruptcy Court should take no action to affect the possession of the property, or make orders which would render ineffective the orders and judgments of the State Court to which it had not only conferred jurisdiction but in which court it had directed the parties to try the title of the property. Thereafter the possession, control and final disposition of the property are solely within the jurisdiction of the said State Court. Of course it follows that should the trustee return to the Bankruptcy Court a successful litigant, then the care, sale and disposition of the asset would be under the exclusive control of the Bankruptcy Court.

The issue presented by the Peebler cross-complaint was joined by the answer of Fickeisen as Trustee in Bankruptcy, and any final judgment therein will bind the trustee subject, of course, to his right of appeal. The record on the review is not sufficient to indicate whether or not in action No. 508642 the question of the title to the full five acre cemetery property was determined therein or just to the roads, although the copy of the judgment by Judge William J. Palmer of April 4, 1947 (at-

tached to the Peebler affidavit filed before the Referee), declares that none of the cross-defendants has any right, title or interest whatsoever in the five acre cemetery property. The judgment further enjoins Fickeisen, the Trustee in Bankruptcy, from going upon the cemetery property and from interfering with the operation thereof.

Since the Trustee was directed to try title in the state court, he cannot object that this result may be attained by means of the Peebler cross-complaint in action No. 508642 rather than in his own action No. 498915 in which action he was the plaintiff. The Trustee in Bankruptcy being before the State Court, is amenable to the orders of that court.

The question as to whether or not the Trustee may further proceed with his action No. 498915 is one for the Superior Court to determine. Likewise the question of the present possession of the property pending the Trustee's appeal in action No. 508642 is regulated to the State Court, where the Trustee will discover that as Trustee in Bankruptcy, he has no special rights over any other litigant before that court.

The petition for review is denied, and the order of the Referee is affirmed.