### In re GRACELAND.

No. 42349.

United States District Court
S. D. California, Central Division.

July 1, 1949.

Paul Angelillo and A. Brigham Rose, of Los Angeles, Cal., for Petitioner on Review, Wake Development Co.

J. M. Danziger and H. A. Andrews, of Los Angeles, Cal., for H. C. Fickeisen, Trustee in Bankruptcy.

Roland Maxwell and Paul H. Marston, Pasadena, Cal., for Respondents on Review, Byron Peebler and Ethel M. Peebler.

J. F. T. O'CONNOR, District Judge.

H. C. Fickeisen, the duly appointed, qualified and acting Trustee in Bankruptcy of and concerning Graceland, a corporation, with the consent of the Bankruptcy Court, instituted a quiet title action in the Superior Court of Los Angeles County, No. 498,915, against Byron Peebler and Ethel M. Peebler, et al., to determine the right, title and interest to certain land declared to belong to the Bankrupt Estate, and in which action a trial, in the absence of the trustee, resulted in a judgment against him. The said judgment was subsequently set aside, and, after an appeal to the Supreme Court and an affirmance, an amended complaint was filed. The information of this court is that this action has not again been tried, or otherwise disposed of.

Later, in Action No. 508,642, in the Superior Court of Los Angeles County, in which Edith W. Danziger, as plaintiff, sued Byron Peebler and Ethel M. Peebler, as defendants, and H. C. Fickeisen, Trustee in Bankruptcy et al., as interveners, in which suit the said Byron Peebler and Ethel M. Peebler, as cross-complainants, sued Edith W. Danziger, H. C. Fickeisen and H. C. Fickeisen, Trustee in Bankruptcy, et al., as cross-defendants, involving the same land, and in which action the said intervener and cross-defendant H. F. Fickeisen, Trustee in Bankruptcy, appeared by his at-

torney H. Y. Gibson, the court rendered a judgment "that Plaintiff take nothing by her action. That none of the interveners take anything under or by reason of the second amended complaint in intervention" and "That none of the cross-defendants has any right, title or interest whatever, in or to the following described real property or any part thereof" (describing it).

It should be noted that H. C. Fickeisen, Trustee, joined himself in action No. 508,-642 as an intervener without first obtaining the permission of the Bankruptcy Court; and, when the Peeblers filed the cross-complaint in this action joining him as trustee in bankruptcy as a cross-defendant, no permission of the bankruptcy court was first obtained therefor.

H. C. Fickeisen, Trustee in Bankruptcy, in opposition to the motion of the Peeblers for an order terminating and discharging the order restraining interference with possession by Trustee before the Referee, recited authorities in support of his contention that:

"(I) After adjudication of bankruptcy no action against the Trustee can be maintained in the State court, without permission of this court, over the possession of the property of the bankrupt. White v. Schloerb, 178 U.S. 542 [20 S.Ct. 1007], 44 L.Ed. 1183; Ex Parte Baldwin, 291 U.S. 610 [54 S.Ct. 551], 78 L.Ed. 1020.

"(II) This court has authorized a suit to quiet title in the Superior court and in that proceeding only may the State Court adjudicate title. That case is pending and no judgment therein as yet. In re Kouri [Corp., 2 Cir.], 66 F.2d 241.

"(III) The case No. 508,642 in the Superior Court relied on by Peebler, was not authorized by this court and cannot determine any of the rights to the property, and the Trustee denied the jurisdiction of that court during the proceedings."

Thereafter, said Referee made an order terminating and discharging the order theretofore made restraining interference with the possession by the Trustee, from which Order of the Referee, Petitioner Wake Development Company, claiming to be a creditor in the Bankruptcy proceedings, petitioned to the District Court for a review, in view of the fact that the said order of the Referee took the property in question out of the Bankruptcy court.

In an opinion by this District Court, filed on September 3rd, 1947, In re Graceland, 73 F.Supp. 158, q. v., which recites the history of the litigation up to that time, this court decided that the State court had the jurisdiction to adjudicate the title to the property in question; indeed that was the reason for the appearance of the Trustee H. C. Fickeisen in both actions in the State court; and denied the Petition for Review of the Wake Development Company, and affirmed the order of the Referee.

The foregoing is a recapitulation of the history of this Bankruptcy matter indicating the status on this phase of the proceedings to and including December 3, 1948. On that date an Order to Show Cause was filed before the Referee, pursuant to the verified Petition of Byron Peebler and Ethel M. Peebler, directed to H. C. Fickeisen, Trustee, to show cause why he should not be instructed to refrain from any and all acts which involved the assertion of any right of dominion whatever over or to the real property mentioned aforesaid, and the Referee, having given effect to the Opinion reported in Danziger v. Peebler, 88 Cal.App. 2d 307, 198 P.2d 719, inter alia, ordered that neither Graceland, a corporation, the above named bankrupt, nor the said H. C. Fickeisen, as Trustee, had any right, title or interest in said real property and they were restrained from asserting any right, title or interest thereto. See Peebler v. Olds, 71 Cal.App.2d 382, 162 P.2d 953.

Findings of Fact and Conclusions of Law, and a restraining order, pursuant thereto, were signed and filed by the Referee on February 1, 1949, and from the foregoing Findings of Fact and Conclusions of Law and the Restraining Order, the Petitioner Wake Development Company has again petitioned for review of the order of the Referee to this the District Court, and said Petition for Review has been submitted on the Points and Authorities filed by the Petitioner and the Respondent on Review, which have been duly considered by the court.

Counsel for the Wake Development Company contends, notwithstanding the recital in the judgment in case No. 508,642 (supra) that the quiet title Action, No. 498,915, supra, is the only action which could determine title to the property in question; and, in view of the fact that a new trial was granted in that case and is now on appeal, that there has been no adjudication of this issue in the State court; and, as this Court understands the contention of counsel for the Wake Development Company, that the said Wake Development Company cannot be bound by the judgment in Action No. 508,642 for the reason that no consent was obtained from the Bankruptcy Court for Fickeisen's appearance in said Action No. 508,642, either when he joined in said action as an intervener, or when said action was filed against him as a cross-defendant.

As stated by this court in 73 F.Supp. 158, at page 161, inter alia: "Since the Trustee was directed to try title in the state court, he cannot object that this result may be attained by means of the Peebler cross-complaint in action No. 508642 rather than in his own action No. 498915 in which action he was the plaintiff. The Trustee in Bankruptcy being before the state court, is amenable to the orders of that court."

In that action, No. 508,642, the court, in this Court's judgment, specifically adjudicated the property rights adversely to the Trustee H. C. Fickeisen, and in favor of the Peeblers, which judgment, this Court understands, has now become final. The remaining points of law raised by the Petitioner on Review, Wake Development Company, have likewise been considered, and are deemed to be without merit for the purpose under consideration by the court.

This court is satisfied that the reasoning of the District Court in sustaining the prior order of the Referee and denying the Petition for Review was correct; and the Findings of Fact and the Conclusions of Law and the Restraining Order of the Referee, dated February 1, 1949, are likewise sustained and the Petition for Review of the Wake Development Company therefrom is denied.

Counsel for Byron Peebler and Ethel M. Peebler will present Findings of Fact and Conclusions of Law, and a judgment, in accordance with this Opinion, for the signature of the court within ten days, after presenting same to counsel for the Wake Development Company for approval as to form.