[Civ. No. 20920.   First Dist., Div. Three.   Nov. 22, 1963.]

ANDY KNIPE et al., Plaintiffs and Appellants, v. BERNICE BARKDULL, Defendant and Respondent.

Leonard M. Conry, District Attorney, Hill & Dalton and Charles V. Moore for Plaintiffs and Appellants.

Mahan, Harland & Gromala and John A. Gromala for Defendant and Respondent.

SALSMAN, J.—We reverse the judgment here as to appellant Nellie Knipe because it rests upon a finding of fact which has no support in the evidence or the record. We reverse the judgment as to both appellants because they were

precluded from introducing any evidence on a pleaded cause of action upon which they relied for recovery.

Appellants and respondent entered into a written contract dated March 1, 1958. Under this contract appellants were given the right to log all the timber on respondent's lands, and respondent was given the right to terminate the contract on three days' notice. Appellants entered into the contract under the names of "Andy Knipe and Nellie Knipe, doing business as Salvage Logging Co."

On September 17, 1958, Andy Knipe became bankrupt.

On March 25, 1960 appellants filed a complaint against respondent seeking declaratory relief, an injunction and specific performance. Several causes of action are alleged in the complaint. In their third cause of action appellants allege that on January 23, 1959, appellants and respondent entered into an oral agreement by which appellants were given until December 22, 1959, to log respondent's property, and in which oral agreement respondent waived her right to terminate the written contract of the parties on three days' notice.

In her answer, respondent denied that any new oral contract had been entered into, and affirmatively pleaded that Andy Knipe became bankrupt on September 17, 1958; that the contract between appellants and respondent was a community asset and subject to Andy Knipe's debts; that the contract passed to the trustee in bankruptcy, and that appellants are not real parties in interest, and further that all of appellants' rights under the contract had been terminated by the giving of the three days' notice.

When the case was called for trial, counsel for each party made an opening statement. Counsel for respondent urged that appellants were not real parties in interest in the litigation because the trustee in bankruptcy had sold Andy Knipe's contract rights to one Carl Bishop, and that this sale had been confirmed by the referee in bankruptcy. Respondent then offered in evidence a copy of an order confirming sale signed by the referee in bankruptcy and which order confirmed the sale to Carl Bishop of "all the right, title, and interest of the Bankrupt in and to that certain Timber Contract existing between the Bankrupt and Bernice R. Barkdull dated March 1, 1958. ..." No other evidence or testimony was received by the trial court. The trial court expressed some concern as to the effect of the referee's order confirming sale, and the right of the appellants to challenge the order.

The court suggested that the matter be submitted on the pleadings and the evidence and that the parties submit briefs as to the legal effect upon appellants' rights of the referee's order confirming sale. From the reporter's transcript, however, it is evident that appellants relied also upon the pleaded oral agreement of January 23, 1959. At the trial court's suggestion appellants submitted a brief relating to the issue raised by the referee's order, but also contended they had a right to recover on the pleaded oral contract set out in their third cause of action. After the submission of briefs the trial court entered its order directing judgment for the respondent.

With reference to the written contract dated March 1, 1958 the trial court made a finding that the trustee "took possession of said contract as a community asset of the bankrupt, and sold the same to a third party on or about March 30, 1961." Pursuant to this finding the court entered judgment in favor of respondent.

All that need be said about that portion of the judgment which denies relief to Nellie Knipe is that the record does not support it. There is no evidence whatsoever to show that the written contract and the rights of the appellant Nellie Knipe under it were in fact community property or a community asset, or that it was taken by the trustee in bankruptcy as a community asset. Nellie Knipe contended orally and in writing that the contract was in fact a partnership contract and hence would not pass to Andy Knipe's trustee in the bankruptcy proceedings. (See *Kaufman-Brown Potato Co.* v. *Long* (9th Cir. 1950) 182 F.2d 594; *In re Graceland* (D.C. S.D. Cal. 1947) 73 F.Supp. 158, 160; cf. *In re American Fidelity Corp.* (D.C. S.D. Cal. 1939) 28 F.Supp 462.) As we have previously noted, the only evidence received in the trial court was a copy of the referee's order confirming the sale of the rights of Andy Knipe under the written contract of March 1, 1958. There is nothing in that document to suggest that the contract referred to was a community asset of Nellie Knipe and Andy Knipe. It does nothing more than transfer to the purchaser such interest as Andy Knipe may have had in that contract. On retrial, evidence may be received to show the nature and character of the written contract, that is, whether it is a partnership contract as Nellie Knipe contends, or an asset belonging to the community of Andy and Nellie Knipe, as respondent contends. On the meager record before us, however, it is apparent that the finding that the written contract is a community asset is

entirely unsupported. A judgment based upon such a finding may not stand.

The trial court also found that "plaintiffs had notice of said sale and of the claim of the Trustee in Bankruptcy that said contract was an asset passing to said trustee." Here again, as to Nellie Knipe, no evidence supports this finding. Nellie Knipe was in legal effect a stranger to the bankruptcy proceedings, since only Andy Knipe was declared bankrupt. No presumption of jurisdiction favors the order of the referee against a stranger to the proceedings, and if in fact Nellie Knipe had no notice of the bankruptcy proceedings she could collaterally attack the referee's order. (*Regoli* v. *Fancher*, 1 Cal.2d 276 [34 P.2d 477] ; see Moore, *Res Judicata and Collateral Estoppel in Bankruptcy*, 68 Yale L.J. 1, 7-12, footnote 47.)

The referee's order confirming sale cannot be questioned by Andy Knipe in this proceeding. He contends, however, that he does not challenge the validity of the order but seeks only to show what, if anything, the purchaser obtained. Here he argues that the written logging contract was a personal service contract and hence did not pass to the trustee in bankruptcy, and since the order confirming sale purported to transfer only such right, title and interest as the trustee then had, the purchaser obtained nothing. Where a contract calls for the skill, credit or other personal quality of the promisor, it is not assignable. (See 1 Witkin, Summary of Cal. Law, p. 353, and cases cited.) Title to an executory contract between the bankrupt and another based upon personal service or skill does not pass to a trustee in bankruptcy. (See *Villar & Co.* v. *Conde* (1st Cir. 1929) 30 F.2d 588.)

Nevertheless, where performance is personal and not possible of delegation, the condition is waived if the obligee consents to the substituted performance. (See 4 Corbin, Contracts, p. 451.) Here respondent raises no objection to substituted performance, and under such circumstances, the objection that the written contract calls for personal service and cannot be assigned cannot be successfully raised by Andy Knipe.

In their third cause of action appellants pleaded an oral agreement alleged to have been made with respondent on January 23, 1959. Later in their pleadings appellants refer to this agreement as a modification of the written agreement of March 1, 1958, and in their brief to the trial court they refer to the oral agreement as a novation. In their brief before us

they refer to it as a collateral agreement. Regardless of terminology, however, it is apparent from the record that in their third cause of action appellants were claiming rights under an oral agreement claimed to have been made January 23, 1959, several months after Andy Knipe became bankrupt. The court heard no evidence on this cause of action and made no express finding disposing of appellants' claims. Although the record presented to us is brief it sufficiently appears that, given the opportunity, appellants would have presented evidence in support of their claims pleaded in their third cause of action. The absence of evidence in the record to support this cause of action is not chargeable to appellants. ▮ Prejudice is apparent where, as here, appellants, without fault on their part, have not been heard upon a material issue framed by the pleadings and on which they rely for judgment.

Judgment reversed.

Draper, P. J., and Devine, J., concurred.