No. 27.—Geo. W. Towns, Governor, for the use of P. A. Clayton, plaintiff in error, *vs.* John Springer *et al.* defendants.

[1.] A judgment rendered by a Court without jurisdiction, is a mere nullity, and may be so held wherever and whenever and in whatever way it is sought to be used as a valid judgment.

Rule absolute for a new trial.   Granted by Judge Stark, at July Term, 1850, of Bibb Superior Court.

The plaintiff instituted an action of debt against the defendant upon his bond, as former Sheriff of Bibb County, for the recovery of money alleged to have been collected by the defendant, as Sheriff, upon a mortgage *fi. fa.* issued from the Inferior Court of said County, in favor of the usee, against one James T. Rivers, for the sum of three hundred and fifty dollars, principal, and sixteen dollars and thirty-three cents, interest, up to the 1st day of May, 1838.

The cause came on to be tried upon the appeal, at July Term,

1849, when the Jury returned a verdict for the plaintiff for seven hundred dollars and fifty-one cents.

Whereupon counsel for the defendant moved the Court for a new trial, upon the following grounds:

1st. Because the Court erred in admitting in evidence, for the plaintiff, a rule absolute in favor of Philip A. Clayton against John Springer, at the November Term, 1847, of Bibb Superior Court, founded on a mortgage *fi. fa.* from Bibb Inferior Court, this Court having no jurisdiction in said case.

2d. Because the Court erred in instructing and charging the Jury, that the said rule, against John Springer, was sufficient evidence to authorize the Jury to find for the plaintiff and against the securities of the said John Springer.

3d. Because the Jury found their verdict for the plaintiff without evidence, and contrary to evidence.

4th. Because the Jury found contrary to law.

5th. Because the verdict of the Jury is not in terms of the law, and because it is for too large an amount, and because the principal and interest are united in one sum.

At the July Term, 1850, Judge *Stark* heard and made absolute the rule *nisi*, and granted a new trial, " on the ground that the Court erred in admitting said rule absolute in evidence, because the Superior Court had no jurisdiction over an execution issued from the Inferior Court, and as the rule did not show that the Superior Court had jurisdiction, the rule absolute was a nullity and void, and therefore erroneously admitted in evidence."

To which decision of the Court, counsel for plaintiff excepted.

Stubbs and Lester, for plaintiff in error.

Cole, for defendants in error.

*By the Court*—Nisbet, J. delivering the opinion.

[1.] It appears from the statements in the plaintiff's declaration, that the *fi. fa.* upon which the rule against the Sheriff was moved, issued upon the foreclosure of a mortgage, and *was re-*

*turnable to the Inferior Court.* The rule was moved before the *Superior* Court, and was there made absolute. The question is, was that order absolute or judgment of the Superior Court admissible on the trial, to charge the surety of the Sheriff. We think it was not, because it is a mere nullity. It is a nullity, because the Court which rendered it had no jurisdiction over the Sheriff upon a rule founded on an execution returnable to the Inferior Court. If a nullity, it is available to the party procuring it for no purpose, consequently it is not available to him, as evidence in this suit against the Sheriff's surety, to show a breach of his bond. The assailability of a judgment of a Court of competent jurisdiction for irregularity is one thing—of a judgment of a Court not having jurisdiction, for the want of jurisdiction, is a very different thing. In the latter case, the judgment may be impeached whenever and wherever it is sought to be used as a valid judgment, no matter in what way it is proposed to be used. To make a judgment, *in personam,* valid, the Court which renders it must have jurisdiction of the subject matter, and of the person against whom it is rendered. In this case, the Superior Court had no jurisdiction over the Sheriff. He is amenable to the Inferior Court upon the process which issues from that Court. That Court has jurisdiction over its own processes. The Sheriff is the officer of that Court, as well as of the Superior Court. He is bound to execute its processes. If he does not, he is in contempt of that Court. He is bound to obey its orders, and if he does not, he is in contempt, and if in contempt, that Court alone has the power of punishing him. As he is not in contempt of the *Superior* Court for not obeying a process from the Inferior Court, the Superior Court has no power to punish him for not obeying the order absolute on the rule. *Bethune vs. Bonner,* 2 *Kelly,* 169. 9 *Cow. R.* 229. 15 *Johns. R.* 141. 4 *Ibid,* 354. 3 *Wils. R.* 188. 6 *Wheat. R.* 204. 2 *Bay. R.* 182. 7 *Wheat.* 38. *Dearing vs. The Bank of Charleston,* 5 *Ga. R.* 497.

This was the only question insisted upon in this case.

Let the judgment be affirmed.