### BURGER *v.* THE STATE.

LUMPKIN, J. 1. On the trial of one charged with rape, there was no error in refusing to continue the case upon the statement of counsel for the defendant, that he had been employed by the mother of the defendant; that the latter could not testify what. his mother would swear, as he had been in jail and had not talked with her; that the witness had been present at court during the preceding week; that counsel could not safely go to trial without her presence; that she was more familiar with the facts of the case than any one connected with it; that he "expected her to testify as to the non-chastity of the person alleged to have been raped;" that he had just learned that she was sick; and that the motion was not made for delay but to procure the presence of the defendant's mother at the trial, which counsel expected to do, though she had not been subpœnaed, as she had herself employed the counsel. Nor did the additional evidence of a witness that the woman was sick make such a showing as rendered it erroneous to refuse a continuance.

(a) If, when the motion to continue was made, it apparently had merit, the overruling of it did not appear to have been injurious to the defendant, where the testimony of the State showed a case of rape, and the defendant made no contention that there had been fornication with the consent of the girl alleged to have been raped (a child eight or nine years old), but denied altogether that he had any connection with her.

2. The evidence was sufficient to authorize the verdict of guilty, and there was no error in overruling the motion for a new trial.

> Judgment affirmed. All the Justices concur.
> DECEMBER 11, 1912.

Indictment for rape.  Before Judge Martin.  Pulaski superior court.  September 30, 1912.

H. F. Lawson, for plaintiff in error.  T. S. Felder, attorney-general, and E. D. Graham, solicitor-general, contra.