28958. AIKEN *v.* MITCHELL, guardian.

DECIDED DECEMBER 4, 1941.

*G. Seals Aiken, Cecil R. Hall,* for plaintiff.
*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

BROYLES, C. J. On May 14, 1940, Miss Lottie Aiken, an insane person, acting by and through her next friend, Cecil R. Hall, instituted proceedings under Code § 49-232 in the court of ordinary of DeKalb County to remove Robert E. Mitchell as guardian of her person and property and appoint some other person in his stead. The defendant filed an answer to the petition, and on June 13, 1940, the ordinary denied petitioner's application to remove her guardian. The case was appealed to the superior court of DeKalb County and after the original petition had been amended proceeded to trial. At the conclusion of the evidence for petitioner the court granted a nonsuit, and that judgment is excepted to.

By paragraph, the substance of the petition is as follows: 1. Miss Lottie Aiken, a resident of DeKalb County, Georgia, is confined in the State Sanitarium for the Insane at Milledgeville, Georgia. 2. She was declared insane on July 1, 1927. 3. On

November 4, 1935, Robert E. Mitchell was duly appointed her legal guardian. 4. Said guardian is subject to the jurisdiction of this court under Code § 49-232, etc. 5. Said guardian is the son of W. H. Mitchell (now deceased) and Mrs. Grace Aiken Mitchell. 6. On September 11, 1935, petitioner's brother, S. P. Aiken, a resident of Telfair County died intestate leaving an estate of real and personal property shown by the appraisal of said estate to have been worth more than $20,000. 7. The records of the administration of S. P. Aiken's estate indicate that said estate was actually of the approximate value of $35,000, or more. 8. Miss Lottie Aiken and her sister, Mrs. Grace Aiken Mitchell, are the sole heirs at law of said deceased. 9. On November 4, 1935, with the written consent of his wife, Mrs. Grace Aiken Mitchell, W. H. Mitchell had the ordinary of Telfair County to appoint him permanent administrator of said estate and gave an administrator's bond in the sum of $20,000. 10. Among the assets of said estate were described city lots in McRae, Georgia, of the aggregate value of $7500, farm lands in Wheeler County, Georgia, of the value of $4340, and itemized personal property which, together with said realty, exceed $24,000 in value. 11. On February 4, 1936, W. H. Mitchell, as administrator aforesaid, conveyed to his son, Robert E. Mitchell, the following property located in section 6 of the City of McRae, Georgia: all of lot number 7, the east half of lot number 6, and lot number 9. 12. Having already conveyed said property, in which petitioner had an undivided one-half interest as heir at law of S. P. Aiken, to his son, Robert E. Mitchell, W. H. Mitchell, as an individual, on May 13, 1937, leased to the Texas Oil Company, for a period of ten years, at an annual rental of $1980, "a portion of said property . . located in the northwest corner of Oak and Third Streets, in the City of McRae, Georgia, fronting 70 feet on Third Street and 75 feet on Oak Street." 13. On July 27, 1937, Robert E. Mitchell reconveyed to his father, W. H. Mitchell, as an individual, all of the property described in paragraph 11 of the petition, including that described in paragraph 12, by a deed recorded August 4, 1937, for a recited consideration of $6000. 14. Said conveyance from said administrator to his son and the reconveyance by the son to his father, as an individual, "was but an indirect purchase by said administrator at his own sale of the property of his decedent in

which . . petitioner owned an undivided one-half interest as heir at law of said deceased, and . . the consideration received by said estate for said property was grossly inadequate, and said conveyance was not for the best interest of either . . petitioner or said estate, . . but was for the private gain and profit of . . W. H. Mitchell." 15. Said conveyances are voidable at the instance of petitioner, but she can not act for herself in undertaking to set them aside, and her said guardian "was himself a party to said voidable transactions and is therefore not a fit and suitable person to represent petitioner in any legal proceeding which may be brought . . to set aside said conveyances." 16. "Among other assets of said estate . . was a farm in Wheeler County, Georgia, consisting of 400 acres, more or less, of land, the fee-simple title to which . . was vested in said S. P. Aiken at the time of his death." 17. Though said administrator's wife, Mrs. Grace Aiken Mitchell, held no record interest in said farm property, she claimed to own an undivided one-half interest therein, and, after Robert E. Mitchell, as petitioner's guardian, had consented in writing to the allowance of said claim, the ordinary of Telfair County approved and allowed it, "together with an undivided one-half interest in and to all tools, equipment, etc. thereon, this allowance being in addition to her legal interest as an heir at law of said deceased." 18. "Petitioner received no consideration . . for the said attempted waiver of her interest in said farm and equipment by her said legal guardian." 19. Her said guardian "had no right, under the law, to waive her interest in said real and personal property . . , or to compromise or settle any claim or right of . . petitioner relative thereto, without first obtaining . . an order from the court of ordinary of DeKalb County . . authorizing such action by him." 20. Said guardian did not obtain such an order. 21. W. H. Mitchell, as administrator of the estate of S. P. Aiken, operated said farm during the years 1937, 1938, and 1939, without obtaining an order from the ordinary of Telfair County authorizing him to do so. 22. Said operation of said farm by said administrator during said time, without an order of the ordinary, was and is illegal. 23. Said operation of said farm was carried on with the approval of petitioner's said guardian, "without any order from the DeKalb court of ordinary authorizing said guardian to . . consent to the

same." 24. "Said administrator illegally expended many thousands of dollars upon the operation of said farm during said period of time, to the injury and damage of . . petitioner." 25. Petitioner's said guardian did not object to such illegal expenditures by his father of the funds of said estate, but permitted the same and himself received a portion of said funds as "travel expense," etc. 26. Petitioner's said guardian "purchased for himself from his father, as administrator as aforesaid, a large portion of personal property of S. P. Aiken . . , in which . . petitioner was interested as an heir at law." 27. Neither as petitioner's guardian, nor individually, did Robert E. Mitchell "make any objection to any of the returns of his father, as administrator as aforesaid, despite the irregularities and illegal disbursements shown thereon, all to the injury and damage of petitioner whose interests he was charged by law with protecting in said proceedings." 28. On January 1, 1940, said administrator reported to the ordinary of Telfair County that he had sold said farm in Wheeler County for $2075 in cash, the mules of said estate for $585, and all remaining equipment, wagons, plow tools, and implements for $210, or a total of $2870," and that he was crediting the estate of his decedent with only $1435 . . and paying the remainder over to his wife, Mrs. Grace Aiken Mitchell. No objection was made by petitioner's guardian, and said report of sale and disbursement . . was therefore allowed by the ordinary of Telfair County . . on February 5, 1940." 29. The administrator's report to the ordinary does not show the name of the person or persons to whom said alleged sale was made. 30. On May 7, 1940, the clerk of the superior court of Wheeler County advised petitioner that no deed from said administrator conveying said farm to any one had been recorded, but that "W. H. Mitchell's son was in charge of said farm and 'last week' paid the taxes thereon." 31. The purchase price of $2870 for said farm, stock, and equipment "was grossly inadequate, and . . this is true even if the estate had received credit . . of the entire amount of said purchase price instead of only half of said sum." 32. "W. H. Mitchell, and since . . his death which occurred about one month ago, his son, Robert E. Mitchell, have been in possession and exercised ownership over said farm . . , together with stock and equipment thereon, and . . if an administrator's sale occurred, . . it was but an indi-

rect sale by said administrator to himself and voidable under the law." 33. According to his returns to the ordinary of Telfair County, which were not objected to by petitioner's guardian, said administrator received in cash more than $32,000. 34. "From said funds, said administrator paid over to himself $2171.70 'commissions,' $930 'traveling expenses' and $1302 not specified . . , without objection from petitioner's said guardian." 35. From time to time, without previous authorization from the ordinary and without any objection from petitioner's said guardian, said administrator "paid from his decedent's estate large sums of money to W. H. Mitchell & Co., and Mitchell Seed & Feed Co." 36. From the estate of S. P. Aiken, of the value of $35,000, or more, petitioner received from said administrator the total sum of $1245.04, together with five and one-half shares of stock in the Citizens Bank of McRae, Georgia, of the value of $500 or less, which was accepted by said guardian "in full, complete, and final settlement for all of the interests of Miss Lottie C. Aiken . . in and to the estate of said S. P. Aiken, deceased, and . . said guardian did, on January 7, 1940, in writing, undertake to 'release . . said . . Mitchell, administrator as aforesaid, from all claims of interest and right or title of the said Lottie C. Aiken in and to said estate.' " 37. "Letters of dismission were issued by the ordinary of Telfair County . . to said W. H. Mitchell, as administrator of the estate of S. P. Aiken . . under date of February 5, 1940, without objection from . . petitioner's legal guardian." 38. By reason of the facts herein alleged, "petitioner has been injured and damaged in the amount of thousands of dollars, the exact amount being unknown to petitioner at this time." 39. By reason of the facts herein alleged petitioner's said guardian "is guilty of gross mismanagement and gross negligence in his conduct of petitioner's affairs and should be cited by the ordinary of DeKalb County . . to make explanation thereof, under the provisions" of Code § 49-232. 40. "That, by reason of the facts herein alleged, the said Robert E. Mitchell is not a suitable and proper person to exercise said trust as petitioner's legal guardian, and petitioner's interest would be better subserved by the revocation of his letters of guardianship and the appointment of a new guardian in his stead."

The substance of the amendment made to the foregoing petition

in the superior court follows: 41. On June 3, 1940, "said Robert E. Mitchell was appointed administrator of the estate of . . W. H. Mitchell, deceased, by the ordinary of Lamar County, Georgia, and is acting as such administrator at the present time." 42. The interests of Robert E. Mitchell, as such administrator, are adverse to those of Robert E. Mitchell, as guardian of Lottie Aiken, and "the personal interests of . . Robert E. Mitchell are antagonistic to the interests of your petitioner because of his co-operation and collaboration with his father, W. H. Mitchell, in the mismanagement of the estate of S. P. Aiken, deceased, as aforesaid." 43. "In order to act for petitioner in setting aside the voidable conveyances of real estate . . made by his father to his mother and by his father to himself and by himself to his father . . , Robert E. Mitchell . . is charged with the duty of prosecuting the claims of petitioner against himself, individually, and against himself as administrator of the W. H. Mitchell estate." 44. "That any recovery had by Robert E. Mitchell, as petitioner's legal guardian, against Robert E. Mitchell, as administrator of W. H. Mitchell's estate, would be adverse to Robert E. Mitchell's personal interests as an heir at law of his father, W. H. Mitchell, deceased . . and . . Robert E. Mitchell is therefore, not a fit and suitable person to continue to act for petitioner as her legal guardian and should be removed and a new guardian appointed in his stead."

While counsel for plaintiff in error argues at length the various contentions presented by the amended petition and the evidence, the ultimate question for determination is whether the judge of the superior court erred in nonsuiting the plaintiff; and, since we think that the fourth reason advanced in counsel's brief for reversing the judgment of nonsuit is valid and controlling, we shall direct our attention to it. It is that "Robert E. Mitchell permitted his father, W. H. Mitchell, as administrator of S. P. Aiken's estate, to procure an order from the ordinary of Telfair County, Georgia, which undertook to adjudicate in his mother's favor her claim of ownership of an undivided one-half interest in and to the Wheeler County farm property, despite the fact that the record title to said property was admittedly vested in S. P. Aiken at the time of his death, and in disregard of the ordinary's lack of authority to adjudicate title to real property." The pertinent part of Code § 49-

232, under which the present proceedings were brought, follows:

"If the ordinary shall know, or shall be informed, that any guardian wastes or in any manner mismanages the property, . . or refuses to make returns as required by law, or for any cause is unfit for the trust, the ordinary shall cite such guardian to answer to such charge at some regular term of court, when, upon investigation of his action, the ordinary may, in his discretion, revoke his letters, or pass such other order as in his judgment is expedient under the circumstances of each case."

It clearly appears both from the record and the admissions of counsel that the "Mrs. Grace L. Mitchell" in the petition which is next considered is the same "Mrs. Grace Aiken Mitchell" named in the instant petition. It appears from the brief of evidence that W. H. Mitchell, as administrator of the estate of S. P. Aiken, deceased, filed in the court of ordinary of Telfair County a petition which substantially alleges that while the title to the Wheeler County property "was taken in the name of the deceased [S. P. Aiken] for convenience," Mrs. Grace L. Mitchell contends that she owns a one-half interest in said farm and the personalty thereon by reason of the fact that said property was paid for from the joint funds of herself and S. P. Aiken, and that said Aiken holds the title thereto "in trust for the use and benefit of himself and of the said Mrs. Mitchell;" that, with the consent of the said Mrs. Mitchell, S. P. Aiken operated said farm and applied the profits therefrom to the support of their mother; that though their mother has been dead for a number of years and since her death S. P. Aiken has made no accounting to the said Mrs. Mitchell for the rents and profits from said farm, she "makes no claim against said estate for the rents and profits for such period;" that the said Mrs. Mitchell "now demands that your petitioner, as administrator of said deceased acknowledge her one-half undivided title and interest in and to said lands and personal property . . , and that in the administration of said estate your petitioner· acknowledge the title of the said Mrs. Mitchell to one-half interest therein and release the same from his administration;" that "petitioner is of the opinion, and so recommends to the court, that the claim of . . Mrs. Mitchell should be acknowledged" and allowed; that the said Mrs. Mitchell consents to any sale of said property that may be satisfactory to petitioner, "in order to avoid complications

of title; but without . . relinquishing her claim of a one-half interest in said property and on the express condition that she be first accounted to for one-half of the proceeds realized from the sale of said property;" that "your petitioner recommends that said adjudgment be allowed and approved, that the inventory and appraisement thereof be amended so as to show a one-half undivided interest in said farm . . and the personal property thereon, instead of the whole interest, and that in a distribution of said estate petitioner be authorized . . to account to the said Mrs. Mitchell, over and above her one-half . . interest in the net proceeds of said estate, for a one-half undivided interest in said farm and personal property;" that "said adjustment will be to the advantage of said estate and the other heir by reason of the fact that in making said settlement and adjustment and distribution the said Mrs. Mitchell waives and relinquishes all claim to an accounting for the income and profits from said farm property for the several years since the death of the mother of said parties;" and that petitioner "has notified the said Mrs. Mitchell and . . R. E. Mitchell, as guardian of . . Miss Lottie Aiken of this petition . . and of the time and place of hearing thereon." There was attached to the petition a writing wherein Mrs. Grace Mitchell and R. E. Mitchell, as guardian for Miss Lottie Aiken, accepted "the recitals of fact . . in the foregoing petition" and acknowledged them to be true. On July 4, 1938, the ordinary of Telfair County rendered the following judgment: "It is . . adjudged that the inventory filed by petitioner and the appraisement thereof be . . amended so as to show one-half undivided interest only in the estate of . . S. P. Aiken, deceased, in and to all the said lands in Wheeler County, Georgia, and the personal property thereon . . that in the event the said Mrs. . . Mitchell consents for a sale of the whole interest in said farm petitioner be authorized to first account to the said Mrs. Mitchell for one-half of the proceeds of such sale and that the . . other half of the proceeds thereof be administered as funds of the estate of said deceased;" and that "it is further . . adjudged that said compromise and adjustment appearing to be to the interest of said estate and the heirs and distributees thereof, the same is hereby approved and petitioner is authorized to effect the same." The brief of evidence discloses an administrator's

deed from W. H. Mitchell, as administrator of the estate of S. P. Aiken, deceased, to Mrs. Grace L. Mitchell. This deed contains the usual recitations found in administrators' deeds, purports to convey to the said Mrs. Mitchell said Wheeler County farm, "containing 372½ acres, more or less," for a consideration of $2075, and is dated December 12, 1939.

Paragraph 1 of section 4 of article 6 of the constitution of Georgia (Code § 2-3201) gives to the superior courts "exclusive jurisdiction . . in cases respecting titles to land." In *Home Building & Loan Association* v. *Cherry*, 62 *Ga.* 269, 271, a case involving an application for a homestead in realty, the court said: "The ordinary has no jurisdiction to hear and determine the question of title to real estate." This ruling was followed in *Dorsey* v. *Dorsey*, 189 *Ga.* 662, 667 (7 S. E. 2d, 273), where it was held that a court of ordinary can not adjudicate a question having solely to do with the title to land. It was held in *Dix* v. *Dix*, 132 *Ga.* 630 (3) (64 S. E. 790) that: "If a court is wholly without jurisdiction of a given subject-matter, or power to pass upon issues in respect thereto, an attempted decision of issues on that subject is invalid, and will not operate as res adjudicata in a subsequent suit concerning the subject-matter in a court of competent jurisdiction." In *Towns* v. *Springer*, 9 *Ga.* 130, it was held that "A judgment rendered by a court without jurisdiction is a mere nullity, and may be so held wherever and whenever and in whatever way it is sought to be used as a valid judgment." After citing numerous Georgia cases to support its ruling, the Supreme Court, in *Crews* v. *Folds*, 160 *Ga.* 22, 25 (127 S. E. 281), said: "Under these rulings, necessarily a judgment rendered by a court without jurisdiction of the subject-matter is a nullity and void."

Our view is that, under the above-cited authorities, the order of the ordinary of Telfair County adjudging that "the inventory filed by petitioner and the appraisement thereof be . . amended so as to show one-half undivided interest only in the estate of the said S. P. Aiken, deceased, in and to all of said lands in Wheeler County, Georgia," etc., was in effect an adjudication of the title to land, and that such judgment was null and void and could be attacked collaterally. It appears from the record that while the gross value of S. P. Aiken's estate was at least $30,000, the net value of the estate was very small; this being clearly shown by

the fact that R. E. Mitchell, as guardian of Miss Lottie Aiken, receipted W. H. Mitchell, as administrator of the estate of S. P. Aiken, for six and one-half shares of bank stock in the Merchants & Citizens Bank of McRae, Georgia, and $145.04 in cash "in full, complete and final settlement for all of the interest in the said Miss Lottie C. Aiken as an heir at law, in the estate of said S. P. Aiken, deceased." The administrator's deed conveying the Wheeler County farm to Mrs. Grace L. Mitchell recites a cash consideration of $2075, and obviously the division of the proceeds of the sale in accordance with the ordinary's order greatly reduced the net value of the decedent's estate, and the part of it that was received by Miss Lottie Aiken. Of course if a court that had jurisdiction of the subject-matter had rendered the judgment in question the matter under consideration would assume a very different aspect, but this is not the case, and Miss Lottie Aiken should be allowed the privilege of pursuing her rights in appropriate proceedings.

Furthermore, under Code § 49-232 (which should be liberally construed in favor of the incompetent ward), and the oral and documentary evidence introduced by the plaintiff, we think that the question as to whether Robert E. Mitchell was for any cause unfit for his trust as guardian should have been submitted to the jury, and that the court erred in awarding a nonsuit. Robert E. Mitchell was the son of W. H. Mitchell, the administrator of S. P. Aiken's estate, and Mrs. Mitchell—in whose favor the ordinary rendered his judgment, and was also subsequently the administrator of the estate of W. H. Mitchell. Robert E. Mitchell fully acquiesced in the ordinary's judgment, as appears from the following writing, signed by him as guardian for Miss Lottie C. Aiken and by Mrs. Grace L. Mitchell, and immediately following the petition: "We further, after investigation and viewing the original documents, and from our personal knowledge, accept the recitals of fact in the foregoing petition and acknowledge them to be true." While we have dealt specifically with only one of the grounds set forth in the amended petition for the removal of the guardian, Robert E. Mitchell, a careful study of the record as a whole strengthens our view that the evidence might have authorized the jury to find that the ends of justice would be better served if his letters of guardianship were revoked and another guardian appointed in his stead.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*