30058. AIKEN *v.* MITCHELL, guardian.

DECIDED DECEMBER 3, 1943. REHEARING DENIED DECEMBER 17, 1943.

*G. Seals Aiken,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

FELTON, J. This is the second appearance of this case. For a statement of the issues involved see Aiken v. Mitchell, 66 *Ga. App.* 309 (18 S. E. 2d, 219). On the trial the jury returned a verdict in favor of the defendant and the plaintiff excepted.

1. After retiring to consider the case the jury returned to the court room for further instruction. The foreman stated: "There is some confusion about the interpretation of the charge with reference to the administrator in a dual capacity of real-estate dealer. They are not clear whether the evidence should be considered that the real-estate deal is just to the ward, and the evidence therefor be considered in the dual capacity of the administrator; is that correct?" Another juror stated to the court: "That is one point, and the other point is the dual duty; in other words, conflicting interests." The court stated: "What conflicting interests?" Foreman: "Of the administrator." The court: "I will see if I understand your question, Mr. Foreman. I will state this, that the mere fact that one and the same person might occupy two different

positions and act in two different capacities would not of itself be a disqualification in a dual capacity." Foreman: "That is what I wanted to know." The court: "Provided there is no conflict of interest between the two capacities." The exception is interpreted to be directed at the re-charge. The re-charge states a correct principle of law and will not be held to be erroneous because the judge failed to repeat other applicable charges to the jury.

2. The following charge, given to the jury on request for further instruction, is excepted to: "If, on the other hand, gentlemen, it were a bona fide sale, and if the estate of S. P. Aiken, deceased, was not injured by that sale; if the price paid or the consideration for the sale was an adequate consideration, and if there was no collusion on the part of the defendant in this case, R. E. Mitchell, guardian of Miss Lottie Aiken, a mental incompetent; if you believe that from the evidence, then it would not be ground for removal of R. E. Mitchell, guardian of Miss Lottie Aiken." Although the petition alleged that the alleged sale by W. H. Mitchell as administrator, indirectly through Robert E. Mitchell, his son, to himself, was not for the best interest of the estate, and the consideration was inadequate, such a sale would be voidable at the option of interested parties whether the price was adequate, and whether it was for the best interest of the estate or not. *Pirkle* v. *Cooper,* 113 *Ga.* 828 (39 S. E. 289). See also Ga. Code Ann., § 113-1702. Robert E. Mitchell was a party to the alleged sale and the decision would rest with him whether an action should be brought to set the sale aside in the interest of his ward, Miss Lottie Aiken. The court in its main charge gave the jury the correct rule, but this subsequent charge was error, in that it authorized the jury to find that there would not be a conflict of interests on the part of Robert E. Mitchell, if the consideration was adequate and the estate was not injured by the sale.

3. Whether the statement by the court to the jury after it was reported hopelessly deadlocked was error requiring a new trial will not be passed on, as a new trial is granted on other grounds, and as the alleged error will not likely occur on another trial.

4. Special ground 4 of the motion for new trial shows no error.

5. The charge complained of in special ground 8 was not error for the reason assigned.

6. Error is assigned in special ground 9 on the following

charge: "The law provides also . . that when a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury, but if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely unless corroborated by circumstances or other unimpeached evidence. The credit to be given the testimony of *such* witness is, of course, a matter of fact for the jury to determine." The use by the court of the word "such" might be interpreted to mean a witness who had sworn wilfully and knowingly falsely, and who had not been corroborated. The jury of course determines whether a witness has sworn wilfully and knowingly falsely, and whether if he has so sworn he has been corroborated, but if they do find he has so sworn and has not been corroborated they must disregard his entire testimony. As this charge will not likely be repeated on another trial it will not be determined whether this alone would warrant the grant of a new trial.

. 7. There is no merit in special grounds 10 and 11.

8. Special grounds 12, 13 and 14 show no error.

9. The charge excepted to in special ground 15 was not error for the reason assigned.

10. The failure to charge the request set forth in ground 16 was not error for the reason assigned.

11. The admission in evidence of the testimony of Robert E. Mitchell to the effect that W. H. Mitchell, as administrator, gave himself individually a check for $1302 in payment of a note given by S. P. Aiken to W. H. Mitchell, over the objection that the testimony was a conclusion of the witness, was not error, because it is not shown or alleged in the special ground to have been harmful.

12. A question was asked Robert E. Mitchell which meant in substance whether he was advised by W. S. Mann, of McRae, Georgia, to have his mother's interest in certain property transferred to her in the court of ordinary in Telfair County. He answered that Mr. Mann advised him to take that action. The answer was objected to as follows by counsel for Miss Lottie Aiken: "At this point I would like to interpose objection to that line of testimony, that the court of Telfair County wouldn't have jurisdiction to try or adjudicate title to land in this county, and there would be higher and better evidence." The court stated that he held that a question of good faith was involved, and the "reason and intentions," and

he would let the testimony in. There were no other objections to the testimony. It was not error to admit the testimony over the objection urged.

13. It was not error to admit in evidence a letter from S. P. Aiken to the mother of Robert E. Mitchell in which it was stated that she was half interested in the land mentioned in the petition, the title to a half interest in which W. H. Mitchell sought to have transferred to her in Telfair County court of ordinary, over the sole objection that it did not illustrate any phase of the case, and was immaterial and prejudicial to Miss Lottie Aiken.

14. Special ground 20 is without merit.

15. The court erred in admitting in evidence two brief cases containing alleged original files allegedly attached to the returns made by W. H. Mitchell to the court of ordinary. None of the papers were identified as having been filed as vouchers or records with a return to the ordinary, and none were otherwise identified as correct vouchers or records. Robert E. Mitchell's testimony to the effect that "the" returns and vouchers were filed would not suffice to identify the voluminous records contained in the brief cases. Most of the so-called vouchers have no connection with the issues in this case, and only tended to encumber the record and consume the time of the jury, the trial court, and this court. No party should be put to the necessity of having to search through such evidence, offered in bulk, at the time of a trial, in order to separate the material from the immaterial, even if sufficiently identified.

16. Special grounds 22 and 23 are not complete within themselves and will not be considered.

The court erred in overruling the motion for a new trial, as shown in divisions 2 and 15 of this opinion.

*Judgment reversed. Stephens, P. J., concurs.*

SUTTON, J., dissenting. I concur in all the rulings made in the above opinion, except divisions 2 and 15 thereof.

I am of the opinion that the verdict rendered was authorized under the law and the evidence, and that the judgment of the trial court should be affirmed. It was a question for the jury, in the exercise of the discretion vested in it on appeal to the superior court, to determine from the evidence whether the guardian should be removed or not. See Code, § 49-232, and *Stanley* v. *Spell*, 46 *Ga. App.* 91 (166 S. E. 669). The judgment of the trial court is

being reversed by the rulings made in divisions 2 and 15 of the above decision, and it is from those rulings that I dissent. In my opinion, no harmful error to the plaintiff is shown by ground 5 of the motion which complains of the charge of the court dealt with in division 2 of the opinion, nor by ground 21 of the motion, which is dealt with in division 15 of the opinion of the court.