31591. MITCHELL, guardian, etc. *v.* AIKEN.

DECIDED JULY 11, 1947. REHEARING DENIED JULY 29, 1947.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error. *G. Seals Aiken, Cecil R. Hall,* contra.

FELTON, J. ■ Four grounds of the amended motion for a new trial are insisted on. While some, if not all, of the charges excepted to were erroneous, under the facts of this case they were not harmful to the defendant. This was not an action designed to contest finally the rights of the parties, but merely to establish that the position of the guardian was inconsistent with his duty to decide upon and assert the rights of his ward. The only question to be determined was whether the ward had probable cause to institute an action or actions bringing into account the acts and doings of W. H. Mitchell, the administrator of the estate of S. P. Aiken, and the defendant, son of W. H. Mitchell, who has been appointed administrator of the estate of W. H. Mitchell. The evidence is long and we see no necessity for setting it out in detail. It shows that Miss Aiken has probable cause to call in

question the acts and doings of W. H. Mitchell as administrator of the estate of S. P. Aiken, and those of the defendant with respect to at least some of the transactions set forth in the petition; and since it would require an action by the ward's guardian which would adversely affect the interest of Robert E. Mitchell if a court found against him, it follows as a matter of law that Robert E. Mitchell, the defendant, should not further act as guardian. This, of course, is not to imply or intimate that the defendant is unfit morally, or that Miss Aiken should or would prevail in any litigation which might be instigated in her behalf. This conclusion rests solely on the policy of the law which forbids one to act in a representative capacity under such facts as appear in this case, when his personal interests conflict with his duties as guardian. The answer to the questions of ultimate rights rests with another tribunal. The evidence demanded the verdict for the removal of the defendant as guardian, and the erroneous charges were not harmful to the defendant.

■ The judgment appointing a new guardian is dated October 15, 1945. The verdict of the jury was simply a finding for the plaintiff, and did not involve the appointment of a new guardian. Therefore the exception to the appointment of a new guardian could not be made a ground of the motion for a new trial. *Braswell* v. *Palmer,* 194 *Ga.* 484 (22 S. E. 2d, 93). No exceptions pendente lite were filed to the said judgment appointing a new guardian. The bill of exceptions was tendered to the judge on March 5, 1947. As to the exception to the judgment appointing a new guardian, the exception came too late and cannot be considered by this court.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*