31984.   MITCHELL, guardian, *v.* AIKEN.

DECIDED MAY 22, 1948.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.

*G. Seals Aiken, Cecil R. Hall,* contra.

FELTON, J. This is the fourth appearance of this case in this court. 66 *Ga. App.* 309 (18 S. E. 2d, 219); 70 *Ga. App.* 351 (28 S. E. 2d, 389); 75 *Ga. App.* 514 (43 S. E. 2d, 581). The purpose of this proceeding was to have R. E. Mitchell removed as guardian and to have a new guardian appointed. On appeal from the Court of Ordinary to the Superior Court of DeKalb County the judgment of the court was that R. E. Mitchell be removed and that Jay D. Bradley be appointed successor guardian. The judgment also directed the former guardian to deliver all property and money to the successor guardian, and sought to retain jurisdiction of the case "for such other and further relief as may

appear to the court to be just and proper." The controversy in the present instance is brought about by a petition by Miss Aiken to have the newly appointed guardian made a party plaintiff to the petition to remove the former guardian and have a new one appointed.

The issues tried in the superior court were only those issuable on the pleadings in the court of ordinary. When the superior court judgment granted all that was prayed for the case ended. The reservation of further jurisdiction by the superior court was futile because its jurisdiction ended with the judgment which was final insofar as this case is concerned. We can not see how it would benefit the ward to have her new guardian made a party to an action which sought to remove a former guardian and appoint a new one where those very things have been done. There is no issue of accounting involved in the present case. This is not a suit for declaratory judgment and for this court to render a judgment in a case where no justiciable controversy is involved in a pending case would be beyond the jurisdiction of this court. Of course, the purpose of the last petition is to have this court adjudicate whether the superior court's appointment of the new guardian is valid. However, much as we would like to do so, we can not under the law get a live issue out of a case that has ended and is no longer in court. No opinion whatever is expressed on the issue presented.

*Writ of error dismissed. Sutton, C. J., and Parker, J., concur.*