25361. TARVER v. JORDAN et al.

FRANKUM, Justice. In August, 1956, Juanita Mashburn (now Tarver), having the exclusive custody and control of her daughter who was then three months of age, delivered her to John L. Jordan and his wife, Patricia C. Jordan, residents of Chatham County, Georgia, because appellant was unable to support the child. On January 19, 1960, having had the custody of the child ever since her custody was transferred to them, the Jordans together with the child moved from Chatham County to and became residents of Barnstable County, State of Massachusetts. On September 22, 1961,

they filed their petition to adopt the child in the Probate Court of the County of Barnstable, which court had jurisdiction of the subject matter. The mother of the child was notified of the proceeding in the Massachusetts court by substituted service. Following such service she transmitted to the Massachusetts court her "objections" and defense in the matter and thereafter she obtained one continuance of the case, but when the matter came on for trial she did not appear in person or by counsel and the Massachusetts court rendered a judgment, regular upon its face, allowing the adoption prayed for. The Jordans moved from Massachusetts in February of 1965 to Charleston, South Carolina, and thereafter returned to Chatham County. Thereafter the child, without the consent of her adoptive parents, went to live with her natural mother, who refused to surrender her to the Jordans, whereupon, they instituted their habeas corpus proceeding against the natural mother Mrs. Tarver, to recover the possession of the child. Mrs. Tarver filed defensive pleadings in which she sought to raise only issues she could have asserted in the Massachusetts court in the adoption proceeding. After hearing testimony and receiving in evidence properly authenticated copies of the judgment and record on file in the office of the registrar of the Massachusetts court in the adoption proceeding, the trial court rendered judgment in favor of the plaintiffs in the habeas corpus proceeding and ordered the defendant to return the child to them. *Held:*

"No matter what may be the form or manner of service on a nonresident defendant, if he voluntarily enters an appearance in the action, the court acquires complete jurisdiction of him, so that a judgment based thereon must be accounted valid and binding in all other states." 50 CJS 509, Judgments, § 893 e (5). "A judgment of a sister state, authenticated according to the Act of Congress, is conclusive on the defendant as to all questions that he could have been heard on in the court when and before the judgment was rendered." *Sharman v. Morton*, 31 Ga. 34 (2). When, as in this case, the defendant entered an appearance by filing defensive pleadings and was afforded an opportunity to be heard, she had her day in court (Black's Law Dict., p. 474) and she cannot now be heard to raise issues which she could have raised before the Massachusetts court. "A judgment declar-

ing the adoption of a child, rendered by a court of competent jurisdiction in another State, regular on its face, is conclusive of the status at the time of its rendition, and will be accorded full faith and credit when introduced in a habeas corpus proceeding in this State for the custody of the child." *Spann v. Edwards,* 139 Ga. 715 (2) (77 SE 1128). It follows that the trial court did not err in ordering the defendant to return said child to the plaintiffs.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

Submitted September 8, 1969—Decided November 6, 1969—Rehearing denied December 4, 1969.

*John R. Calhoun,* for appellant.

*Robert J. Duffy,* for appellee.

Felton, Justice, dissenting. A judgment rendered by a court without jurisdiction is a nullity and can be attacked by anyone when an effort is made to enforce it as a valid judgment. *Burger v. State,* 139 Ga. 108 (76 SE 863); *Towns v. Springer,* 9 Ga. 130.

The petition for adoption in this case is as follows: "Commonwealth of Massachusetts, To The Honorable Judge Of The Probate Court In And For The County Of Barnstable: Respectfully represents *John L. Jordan of Sandwich* in said County and *Patricia C. Jordan* his wife, that they are of the age of twenty-one years or upwards, and are desirous of adopting *Gail Lorraine Mashburn of Sandwich* a child of *Herman Joe Mashburn, formerly* of Atlanta, Georgia, and *now of parts unknown* and *Juanita Mashburn, now Juanita Tarvear, of Whitmarsh Island, Savannah, Georgia, Box 263A, Route 2, Savannah, Georgia,* his wife, which said child was born in said *Atlanta, Georgia* on the *eighth* day of *May, 1956;* that said child has resided in the home of said petitioners one year. Wherefore *they* pray for leave to adopt said child, and that *her* name may be changed to that of *Gail Lorraine Jordan.*

Dated this *19th* day of *June, 1961.*

*Mailing address*

| John L. Jordan | P. O. Box 603, |
| Patricia C. Jordan | Sandwich, Mass. |

The undersigned, being the *mother* of said child, hereby consents to the adoption as above prayed for, this _____ day of _____ 19*61*.

_____."

There is no allegation in the petition alleging that the consent of the mother is not necessary or the reason therefor. The mother received the following notice: "Commonwealth of Massachusetts, Barnstable, SS. Probate Court. To all persons interested in a petition for adoption of Gail Lorraine Mashburn, of Sandwich, in said County. A petition has been presented to said court by John L. Jordan and Patricia C. Jordan, his wife, of Sandwich, in said County, praying for leave to adopt said Gail Lorraine Mashburn, a child of Herman Joe Mashburn, formerly of Atlanta, Georgia, and now of parts unknown, and Juanita Mashburn, now Juanita Tarver, of Whitmarsh Island, Savannah, Georgia (Box 263A, Route 2, Savannah, Georgia), his wife, and that the name of said child be changed to Gail Lorraine Jordan. If you desire to object thereto, you or your attorney should file a written appearance in said Court at Barnstable, before ten o'clock in the forenoon on the 12th day of December, 1961, the return day of this citation. Witness, Kendrick A. Sparrow, Esquire, Judge of said Court, this 25th day of September, 1961. Alfred C. Knight, Register 9/27-10/4, 11/61." On February 12, 1962, appellant wrote the following letter to Mr. Alfred C. Knight, Register of Probate, County of Barnstable, Barnstable, Massachusetts: "Dear Mr. Knight: I object to the adoption of my daughter, Gail Lorraine Mashburn, by my cousins, Mr. and Mrs. John Jordan. They kindly offered to have her in their home during the time that I was unable to support her as the natural father had deserted me and I was working and had no one to care for her. They offered their services and I was glad to let them keep her. At no time was it my understanding that they wanted to adopt her. I have remarried and my husband is willing and able to support this child and will be glad to have her in the home. I have room for her and our home is located in a good residential section. Also, my other children will be very happy to have her with them. I have explained this in detail with my cousins and they

know that I object seriously to the adoption and will not sign a release. Sincerely yours, Juanita J. Tarver (Mrs.) Juanita J. Tarver." The following was added at the bottom of the letter: "15 Feb., 1962—This may be filed late. Kendrick A. Sparrow, Judge of Probate Court." The judge of the Massachusetts court called on the State Welfare Department to have the mother execute a questionnaire which was done and which was considered by the Massachusetts court. The mother concluded the questionnaire to the effect that she was offered help to take care of her child until she got straightened out, with the understanding that she would never agree to adoption of her child and would not for any reason sign adoption papers. She also wrote the assistant register of the Massachusetts court on September 1, 1962, as follows: "Myra E. Jerald, Assistant Register, Probate and Insolvent Courts, Barnstable, Mass. Dear Sir: My name is Juanita J. Tarver, formerly Juanita Mashburn. I am to appear in your Court September 7, 1962, 10 A.M. The case worker who investigated my home for you sent me a letter telling you that I would appear for the hearing. I was sure that I could be present but in trying to find a baby sitter for that length of time to travel all the way from Savannah, Georgia to Barnstable, Mass., by bus is very difficult for me to do at such short notice and due to the fact that I have five children, two of which are entering school next week, September 3, and a small baby eight months old makes this date of hearing impossible for me to appear. Had it been the past while summer months before the beginning of school it would have been more convenient for me instead of the present time. I do hope and pray you will understand these circumstances and take into consideration the position I am placed in right now in regard to the petition of adoption of my little girl, Gail Lorraine Mashburn of Sandwich filed in your court by John L. and Patricia Jordan of Barnstable County, Massachusetts. I am most anxious to be present for the hearing but with such short notice to make arrangements to be there plus a limitation of ways and means I ask that you please postpone this hearing until the end of school. I do not see how a postponement would inconvenience Mr. and Mrs. John L. Jordan until then while

taking into consideration my stated circumstances to be present at that time. Please call me collect 897-1460, Savannah, Georgia, because this matter involves. the future of my child whom I love very much as well as my own future life. Sincerely yours, Juanita J. Tarver." The probate court continued the case for a short time for the mother because she wanted to attend the hearing. Because the mother could not arrange to come during a school year she wanted the case continued a year, which was not done. On September 28, 1962, the Judge of the Probate Court signed the following judgment: "Commonwealth of Massachusetts, Barnstable, SS., Probate Court. At a Probate Court held at Barnstable, in and for said County of Barnstable, on the 28th day of September in the year of our Lord one thousand nine hundred and sixty-two. On the petition of John L. Jordan of Sandwich, in said County, and Patricia C. Jordan, his wife, praying for leave to adopt Gail Lorraine Mashburn of Sandwich, a child under the age of twelve years of Herman Joe Mashburn, formerly of Atlanta, Georgia, and now of parts unknown, and Juanita Mashburn, now Juanita Tarvear of Whitmarsh Island, Savannah, Georgia (Box 263A, Route 2, Savannah, Georgia), formerly his wife, and for a change of said child's name: It appearing that said child is under the age of twelve years and that notice has been given as ordered by the court to all persons interested and that an appearance and objections have been filed by the mother of said child, and no other objections being made, and it further appearing that notice was duly given to the Department of Public Welfare and that its written report has been filed, and that said Department of Public Welfare approves said adoption; and that said petition was duly assigned for hearing this day and notice of said assignment and hearing sent to the mother of said child, and that said mother, nor any attorney in her behalf, appeared in court this day at the hearing thereon; and it further appearing that said child has resided in the home of the petitioners for one year, and the court being satisfied of the identity and relations of the persons, and that the petitioners are of sufficient ability to bring up said child and furnish her with suitable nurture and education, having reference to

the degree and condition of her parents; and that it is fit and proper that such adoption should take place: It is decreed that from this day said child shall, to all legal intents and purposes, be the child of said petitioners, and that her name be changed to that of Gail Lorraine Jordan which she shall hereafter bear, and which shall be her legal name. (Signed) Kendrick A. Sparrow, Judge of Probate Court."

The Constitution of the United States does not provide that just any judgment rendered by a State should be given full faith and credit by all of the others. Only those rendered after due process has been observed are entitled to the sheltering arms of the Constitution.

There was no consent in this case by the mother of the child. There was no plea or pleading by the mother in spite of the court's gratuitous allowance of the "filing" of the mother's letter. The letters by the mother to the court were not pleadings. There was not even a case in court of which the court had jurisdiction until the mother consented to the adoption. Certainly the letters to the court which wholly negatived consent deprived the court of jurisdiction. The petition for adoption did not even allege that the mother consented to the adoption or that any fact existed which would render her consent unnecessary. The notice of hearing which was mailed to the mother was not sufficient because it did not reveal what issues the mother was required to meet. The mother had given notice to the court that she did not consent and the case was at an end. If there ever was a judicial ambush it was in this case. The notice to the mother did not apprize her of whether the petitioners for adoption contended that the mother had deserted or abandoned her child so that she could defend against it. The Court of Appeals has written a magnificent opinion concerning these matters and even if many of the authorities cited did not control the case and may have been obiter in that case they are not obiter in this case. *Carpenter v. Forshee*, 103 Ga. App. 758 (120 SE2d 786). I invite an examination of the statements by the Court of Appeals and the citations beginning at the second paragraph on page 763 of said opinion, to the end of paragraph one on page 768 of the said opinion. Since the Probate Court

had no jurisdiction of the application for adoption there was no proper notice to the mother and the judgment permitting the adoption was null and void. The mother did not plead in the case or in any manner subject herself to the jurisdiction of the Massachusetts Probate Court, nor did she waive a proper notice or proof of any jurisdictional facts of which she had no notice.

"While a view adopted in early cases in regard to the effect of a foreign judgment was that the question of jurisdiction was not open to inquiry against affirmative recitals in the judgment of jurisdictional facts, and that the defendant's only remedy in such case was to apply to the court rendering the judgment to vacate the same, it is now well settled that mere recitals of jurisdiction are not conclusive and do not bar inquiry as to jurisdiction or jurisdictional facts and that a judgment of a sister state may be impeached for want of jurisdiction notwithstanding its recitals. This rule applies to a judgment reciting service of process or appearance." 30A AmJur 334, 335, Judgments, § 270.

"Consent of the natural parents who have not forfeited their parental rights and duties to the adoption of their child by another lies at the foundation of most statutes of adoption, and under most statutes the consent of such parents to the adoption of their child is regarded as an essential requisite to jurisdiction on the part of the court to make an order of adoption, and the absence of consent is fatal to validity of the decree unless it is established that the parents by their own misconduct, such as desertion of the child, failure to support it or provide a home, or ill treatment of the child, have forfeited their rights as parents, or the record reveals that jurisdiction of the parents was regularly obtained through the processes directed by law, giving the parents opportunity to appear and be heard. A parent should not be deprived of the right to the child's society, services, and earnings without his consent, and requirement of consent and notice is intended for the protection of the natural parental relationship from unwarranted interference by interlopers, and to insure the opportunity to safeguard the best interests of the child in the manner of the proposed adoption.

Consent of parents or of a parent of the child is not, however, necessarily a jurisdictional requisite to an adoption proceeding, and under some statutes, the consent of the parent is not required in any case but notice must be given to them of the adoption proceedings. The power of the legislature in the protection of child's welfare is comprehensive and it has been held that in the absence of a specific requirement of consent by the natural parents, such consent is not necessary to a valid adoption, so far, at least, as concerns the child's right to inherit from the adoptive parents." 2 AmJur2d 879, 880, Adoption, § 24.

I would reverse the judgment.