## 59631. TRAMMELL et al. v. BURKE, INC.

Shulman, Judge.

Defendants appeal the grant of plaintiff's motion for summary judgment in an action to domesticate a North Carolina judgment against defendants (Georgia residents). Defendants, served with process in Georgia, submit that the North Carolina judgment is not entitled to full faith and credit in Georgia on the grounds that the North Carolina court lacked personal jurisdiction over the defendants. We disagree with appellants' contentions and, accordingly, affirm the judgment of the trial court.

Plaintiff's first motion for summary judgment in this action was denied on the basis of the trial court's application of Code Ann. Ch. 110-13 to its finding, as a fact, that defendants had made a special appearance in North Carolina for the purpose of contesting jurisdiction. Although that denial is not before us on this appeal, we note that Code Ann. Ch. 110-13 does not apply to the judgments of other states of the United States. See *Collins v. Peacock,* 147 Ga. App. 424 (1) (249 SE2d 142).

In a subsequent motion for summary judgment, however, plaintiff submitted new evidence, including the uncontroverted affidavit of the judge of the North Carolina court, in which affidavit the judge averred that defendants had *not* contested the jurisdiction of the North Carolina court in their appearance before that court.

On the basis of such evidence, the court below then found, as a fact, that defendants had personally submitted to the jurisdiction of the North Carolina court, without contest, and, as such, had no ground upon which to now contest that court's jurisdiction. We agree with the lower court's judgment.

" 'No matter what may be the form or manner of service on a nonresident defendant, if he voluntarily enters an appearance in the action, the court acquires complete jurisdiction of him, so that a judgment based thereon must be accounted valid and binding in all other states.' [Cit.] 'A judgment of a sister state, authenticated according to the Act of Congress, is conclusive on the defendant as to all questions that he could have been heard on in the court when and before the judgment was rendered.' [Cit.] When, as in this case, the defendant[s] entered an appearance by filing defensive pleadings and [were] afforded an opportunity to be heard, [they] had [their] day in court [cit.] and [they] cannot now be heard to raise issues which [they] could have raised before the [North Carolina] court." *Tarver v. Jordan,* 225 Ga. 749, 750 (171 SE2d 514).

Since "lawfully obtained judgments of the court of one state, when sued on or pleaded or introduced in evidence in another state

are entitled to receive the same full faith, credit and respect that they are accorded in the state where rendered . . . [t]he foreign judgment being conclusive as to all matters which were decided or could have been heard at the time of the obtaining of the foreign judgment" (*Flagship Bldrs., Inc. v. Sentinel Star Co.,* 143 Ga. App. 624 (2) (239 SE2d 235)), the trial court properly granted plaintiff's motion for summary judgment based on the record and evidence before it.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED MARCH 4, 1980 — DECIDED APRIL 16, 1980.

*G. Hughel Harrison,* for appellants.
*James W. Garner,* for appellee.